UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KENJY ORELLANA, NESTOR REYES, RENE I. AYALA, ALBERTO RAMON MORALES POMBO, CARLOS M. MOROCHO, LUIS ZARUMA, MAXIMINO FLORES, JOHN DANILO BARAHONA BARAHONA, EDISON CRISTOBAL TRIANA PICON, OSWALDO BRAVO, JORGE VARGAS, ANGEL REYES, JAIRALI CALLE, EDGAR PILAGUICIN, JUAN AMANTA, SEGUNDO PINTO, SEGUNDO FRANCISCO LASLUISA, JOSE ALBERTO LASLUISA, DAVID PAREJA, LUIS ENRIQUE CASTILLO RODRIGUEZ, JEFFRY OSMAN BRIZZO CACERES, JUNIOR ODAIR MEDRANO, EUFEMIO DIAZ MONTENEGRO, JUAN ANTONIO RODRIGUEZ DURAN, AUVER HOYOS ALTAMIRANO, OLIVERIO ANTONIO AYALA, ESDRAS NEHEMIAS GUTIERREZ CERRATO, VICTOR MANUEL PALACIOS GONZALEZ, SAUL REYES, ADRIAN CRESCENCIO, MARCOS MERCADO, EDWIN ORLANDO PEREZ VELARDE, and JOSE CARLOS LUNA BAUTSTA, | 18 Civ. 8396 |
| | **COMPLAINT** |
| Plaintiffs, | |
| v. | |
| REAL INNOVATIVE CONSTRUCTION, LLC, ANDY MORALES, CARLOS MORALES, ECI CONTRACTING, LLC d/b/a ECI SERVICES, KIERAN KEAVENEY, JACOBS DEVELOPMENT CORP., DANIEL JAKUBOWICZ, M.N.C. GENERAL CONTRACTORS CORP., and MOSHE NACHUM, | |
| Defendants. | |

Plaintiffs, by and through their counsel, Eisner & Dictor, P.C., allege as follows:

## NATURE OF THE ACTION

1. Plaintiffs, former concrete and rebar employees of defendants, bring this action pursuant

to the Fair Labor Standards Act (**"FLSA"**) and New York Labor Law (**"NYLL"**) to recover unpaid

minimum, straight-time, and overtime wages; spread-of-hours premiums; liquidated damages; and notice and recordkeeping damages, as well as costs and attorneys' fees, from defendants for work performed at three construction sites in New York City.

2. For different periods, depending on the plaintiff, between on or about April 20, 2018, and on or about July 20, 2018, plaintiffs performed concrete and rebar work for defendants at three construction sites in New York City: (i) at 164 West 74th Street, New York, New York 10023 (the "**74th Street Site**"); (ii) at 2226 Ocean Avenue, Brooklyn, New York 11229 (the "**Ocean Avenue Site**"); and (iii) at 1-56 Beach 146th Street, Far Rockaway, New York 11694 (the "**Far Rockaway Site**").

3. Defendants Real Innovative Construction, LLC, Carlos Morales, Andy Morales, and others jointly employed Plaintiffs at all three construction sites. Real Innovative Construction, LLC, Carlos Morales, and Andy Morales hereinafter referred to collectively as the "**Real Innovative Construction Defendants**."

4. Defendants ECI Contracting LLC, Kieran Keaveney, and others, including the Real Innovative Construction Defendants, jointly employed plaintiffs at the 74th Street Site. ECI Contracting LLC and Kieran Keaveney hereinafter referred to collectively as the "**ECI Defendants**."

5. Defendants Jacobs Development Corp., Daniel Jakubowicz, and others, including the Real Innovative Construction Defendants, jointly employed plaintiffs at the Ocean Avenue Site. Defendants Jacobs Development Corp. and Daniel Jakubowicz hereinafter referred to collectively as the "**Jacobs Defendants**."

6. Defendants M.N.C. General Contractors Corp., Moshe Nachum, and others, including the Real Innovative Construction Defendants, jointly employed plaintiffs at the Far Rockaway

Site. Defendants M.N.C. General Contractors Corp. and Moshe Nachum hereinafter referred to collectively as the "**M.N.C. Defendants**."

7. The plaintiffs that were employed at the 74th Street Site worked there for different periods, depending on the plaintiff, between about April 20, 2018, and about June 15, 2018.

8. The plaintiffs that were employed at the Ocean Avenue Site and the Far Rockaway Site worked at those sites between about June 15, 2018, and about July 20, 2018.

9. Most plaintiffs that were employed at the Ocean Avenue Site were required, on some days, to work instead at the Far Rockaway Site.

10. Throughout plaintiffs' employment with defendants, plaintiffs worked in excess of 40 hours each week, but defendants failed to pay plaintiffs at one and one-half their regular rate for all hours worked over 40 in a week.

11. Defendants have failed to pay plaintiffs any wages for, depending on the plaintiff, between 2 days of work and more than 3 weeks of work.

12. Plaintiffs worked shifts in excess of 10 hours a day, but defendants failed to pay plaintiffs spread-of-hours premiums.

13. Defendants never provided plaintiffs with wage notices or wage statements.

## JURISDICTION AND VENUE

14. Jurisdiction is proper since this Court has original federal question jurisdiction under 28 U.S.C. § 1331, as this case is brought under the FLSA, 29 U.S.C. § 216(b).

15. This Court has supplemental jurisdiction over the New York State claims under 28 U.S.C. § 1367.

16. Venue in this judicial district is proper under 28 U.S.C. § 1391(b)(2) since a substantial part of the events or omissions giving rise to plaintiffs' claims occurred in the Southern District of New York.

## THE PARTIES

17. Plaintiff Kenjy Orellana is an adult individual and resident of New York.

18. Plaintiff Nestor Reyes is an adult individual and resident of New York.

19. Plaintiff Rene I. Ayala is an adult individual and resident of New York.

20. Plaintiff Alberto Ramon Morales Pombo is an adult individual and resident of New Jersey.

21. Plaintiff Carlos M. Morocho is an adult individual and resident of New York.

22. Plaintiff Luis Zaruma is an adult individual and resident of New Jersey.

23. Plaintiff Maximino Flores is an adult individual and resident of New York.

24. Plaintiff John Danilo Barahona is an adult individual and resident of New Jersey.

25. Plaintiff Jose Carlos Luna Bautista is an adult individual and resident of New York.

26. Plaintiff Edison Cristobal Triana Picon is an adult individual and resident of New Jersey.

27. Plaintiff Oswaldo Bravo is an adult individual and resident of New York.

28. Plaintiff Jorge Vargas is an adult individual and resident of New York.

29. Plaintiff Angel Reyes is an adult individual and resident of New York.

30. Plaintiff Jairali Calle is an adult individual and resident of New York.

31. Plaintiff Edgar Pilaguicin is an adult individual and resident of New York.

32. Plaintiff Juan Amanta is an adult individual and resident of New York.

33. Plaintiff Segundo Pinto is an adult individual and resident of New York.

34. Plaintiff Segundo Francisco Lasluisa is an adult individual and resident of New York.

35. Plaintiff Jose Alberto Lasluisa is an adult individual and resident of New York.

36. Plaintiff David Pareja is an adult individual and resident of New York.

37. Plaintiff Luis Enrique Castillo Rodriguez is an adult individual and resident of New York.

38. Plaintiff Jeffry Osman Brizzo Caceres is an adult individual and resident of New York.

39. Plaintiff Junio Odair Medrano is an adult individual and resident of New York.

40. Plaintiff Eufemio Diaz Montenegro is an adult individual and resident of New York.

41. Plaintiff Juan Antonio Rodriguez Duran is an adult individual and resident of New York.

42. Plaintiff Auver Hoyos Altamirano is an adult individual and resident of New York.

43. Plaintiff Oliverio Antonio Ayala is an adult individual and resident of New York.

44. Plaintiff Esdras Nehemias Gutierrez Cerrato is an adult individual and resident of New York.

45. Plaintiff Victor Manuel Palacios Gonzalez is an adult individual and resident of New York.

46. Plaintiff Saul Reyes is an adult individual and resident of New York.

47. Plaintiff Adrian Crescencio is an adult individual and resident of New York.

48. Plaintiff Marcos Mercado is an adult individual and resident of New York.

49. Plaintiff Edwin Orlando Perez Velarde is an adult individual and resident of New Jersey.

50. Defendant Real Innovative Construction, LLC is a limited liability company organized under the laws of New York State and a former employer of all plaintiffs, with its principal executive office located at 205 Valentine Lane, Yonkers, New York 10705.

51. Defendant Carlos Morales is a principal of defendant Real Innovative Construction, LLC and a former employer of all plaintiffs.

52. Defendant Andy Morales is a principal of defendant Real Innovative Construction, LLC and a former employer of all Plaintiffs.

53. Defendants Real Innovative Construction, LLC, Carlos Morales, and Andy Morales are referred to collectively herein as the "**Real Innovative Construction Defendants**."

54. Defendant ECI Contracting, LLC d/b/a ECI Services is a limited liability company organized under the laws of New York State and a former employer of the plaintiffs that worked at the 74th Street Site. Defendant ECI Contracting, LLC d/b/a ECI Services has its principal executive office located at 372 McLean Avenue, Yonkers, New York 10705.

55. Defendant Kieran Keaveney is a principal of defendant ECI Contracting LLC and a former employer of the plaintiffs that worked at the 74th Street Site.

56. Defendants ECI Contracting, LLC d/b/a ECI Services and Kieran Keaveney referred to collectively herein as the "**ECI Defendants**."

57. Defendant Jacobs Development Corp. is a business corporation organized under the laws of New York and a former employer of the plaintiffs that worked at the Ocean Avenue Site. Defendant Jacobs Development Corp. has its principal executive office located at 2569 Stillwell Avenue, Brooklyn, New York 11235.

58. Defendant Daniel Jakubowicz is a principal of defendant Jacobs Development Corp. and a former employer of the plaintiffs that worked at the Ocean Avenue Site.

59. Defendants Jacobs Development Corp. and Daniel Jakubowicz referred to collectively herein as the "**Jacobs Defendants**."

60. Defendant M.N.C. General Contractors Corp. a business corporation organized under the laws of New York and a former employer of the plaintiffs that worked at the Far Rockaway Site.

61. Defendant Moshe Nachum is a principal of defendant M.N.C. General Contractors Corp. and a former employer of the plaintiffs that worked at the Far Rockaway.

62. Defendants M.N.C. General Contractors Corp. and Moshe Nachum referred to collectively herein as the "**M.N.C. Defendants**."

## STATEMENT OF CLAIMS

63. Since at least April 20, 2018, the Real Accurate Construction Defendants have performed related activities through unified operations or common control with the common purpose of operating a construction business that provides concrete and rebar workers to many construction sites in New York City, including the 74th Street Site, the Ocean Avenue Site, and the Far Rockaway Site.

64. Since at least 2018, the Real Accurate Construction Defendants have constituted an enterprise engaged in commerce or in the production of goods for commerce, as defined by 29 U.S.C. § 203(s)(1), with a gross annual volume of sales made or business done of not less than $500,000 and employees engaged in commerce that handle or otherwise work on goods and materials that have been moved in or produced for commerce.

65. Beginning around at least April 20, 2018, the ECI Defendants have performed related activities through unified operations or common control with the common purpose of operating a business that provides construction services to the 74th Street Site.

66. Since at least 2018, the ECI Defendants have constituted an enterprise engaged in commerce or in the production of goods for commerce, as defined by 29 U.S.C. § 203(s)(1), with a gross annual volume of sales made or business done of not less than $500,000 and employees engaged in commerce that handle or otherwise work on goods and materials that have been moved in or produced for commerce.

67. Beginning around at least April 20, 2018, the ECI Defendants contracted the Real Accurate Construction Defendants to provide concrete and rebar labor to the 74th Street Site.

68. Beginning around at least June 15, 2018, the Jacobs Defendants have performed related activities through unified operations or common control with the common purpose of operating a construction business, which provided construction services to the Ocean Avenue Site.

69. Since at least 2018, the Jacobs Defendants have constituted an enterprise engaged in commerce or in the production of goods for commerce, as defined by 29 U.S.C. § 203(s)(1), with a gross annual volume of sales made or business done of not less than $500,000 and employees engaged in commerce that handle or otherwise work on goods and materials that have been moved in or produced for commerce.

70. Beginning around at least June 15, 2018, the Jacobs Defendants contracted the Real Accurate Construction Defendants to provide concrete and rebar labor to the Ocean Avenue Site.

71. Beginning at least around June 15, 2018, the M.N.C. Defendants have performed related activities through unified operations or common control with the common purpose of operating a construction business, which provided construction services at the Far Rockaway Site.

72. Since at least 2018, the M.N.C. Defendants have constituted an enterprise engaged in commerce or in the production of goods for commerce, as defined by 29 U.S.C. § 203(s)(1), with a gross annual volume of sales made or business done of not less than $500,000 and employees engaged in commerce that handle or otherwise work on goods and materials that have been moved in or produced for commerce.

73. Beginning around at least June 15, 2018, the M.N.C. Defendants contracted the Real Accurate Construction Defendants to provide concrete and rebar labor to the Far Rockaway Site.

74. Throughout plaintiffs' employment with defendants, plaintiffs engaged in commerce, or in the production of goods for commerce, by receiving, handling, and otherwise working on goods moving in interstate commerce.

75. Throughout plaintiffs' employment with defendants, plaintiffs worked in excess of 40 hours a week, but defendants willfully failed to pay plaintiffs at their overtime rate of one and one-half times their regular rate for the hours worked in excess of 40 each week.

76. Throughout plaintiffs' employment, plaintiffs worked shifts that exceeded ten hours a workday, but defendants willfully failed to pay plaintiffs their spread-of-hours premiums for those shifts.

77. Defendants never provided plaintiffs with wage notices in English and in the plaintiffs' primary language, containing *inter alia* the rates of pay and basis thereof, allowances, regular pay day, name of employer, any additional business names, physical address of the employer, and telephone number.

78. Defendants never furnished plaintiffs with wages statements that listed, *inter alia*, the regular rate of pay, the overtime rate of pay, the number of regular hours worked, and the number of overtime hours worked.

79. At all times relevant, Plaintiffs were covered employees of defendants under the FLSA and were not exempt from the minimum wage and maximum hour requirements.

80. Between around April 20, 2018, and around June 15, 2018, the Real Innovative Construction Defendants and the ECI Defendants employed plaintiff Kenjy Orellana to work at the 74th Street Site.

81. The Real Innovative Construction Defendants and the ECI Defendants failed to pay plaintiff Kenjy Orellana any wages for approximately one week and two days of work he performed at the 74th Street Site.

82. Throughout his employment at the 74th Street Site, plaintiff Kenjy Orellana's regular rate of pay was $25 an hour.

83. Between around June 15, 2018, and around June 22, 2018, the Real Innovative Construction Defendants and the Jacobs Defendants employed plaintiff Kenjy Orellana to work at the Ocean Avenue Site.

84. Between around June 15, 2018, and around June 22, 2018, the Real Innovative Construction Defendants and the M.N.C. Defendants employed plaintiff Kenjy Orellana to work at the Far Rockaway Site.

85. Throughout his employment at the Ocean Avenue Site and Far Rockaway Site, plaintiff Kenjy Orellana was paid $20 an hour for the hours he was paid for.

86. Throughout his employment with defendants, plaintiff Kenjy Orellana worked in excess of 40 hours a week, but defendants failed to pay him at his overtime rate of one and one-half times his regular rate for all hours worked in excess of 40 in a week.

87. Between around April 20, 2018, and June 15, 2018, the Real Innovative Construction Defendants and the ECI Defendants employed plaintiff Nestor Reyes to work at the 74th Street Site.

88. The Real Innovative Construction Defendants and the ECI Defendants failed to pay plaintiff Nestor Reyes any wages for approximately two weeks of work he performed at the 74th Street Site.

89. Between around June 15, 2018, and June 22, 2018, the Real Innovative Construction Defendants and the Jacobs Defendants employed plaintiff Nestor Reyes to work at the Ocean Avenue Site.

90. Between around June 15, 2018, and June 22, 2018, the Real Innovative Construction Defendants and the M.N.C. Defendants employed plaintiff Nestor Reyes to work at the Far Rockaway Site.

91. The Real Innovative Construction Defendants, the Jacobs Defendants, and the M.N.C. Defendants failed to pay plaintiff Nestor Reyes any wages for one week of work he performed at the Ocean Avenue Site.

92. Throughout his employment with defendants, plaintiff Nestor Reyes worked in excess of 40 hours a week, but defendants failed to pay him at his overtime rate of one and one-half times his regular rate for all hours worked in excess of 40 in a week.

93. Throughout his employment with defendants, plaintiff Nestor Reyes's regular rate of pay was $23 an hour.

94. Between around May 1, 2018, and around June 15, 2018, the Real Innovative Construction Defendants and the ECI Defendants employed plaintiff Rene I. Ayala to work at the 74th Street Site.

95. The Real Innovative Construction Defendants and the ECI Defendants failed to pay plaintiff Rene I. Ayala any wages for approximately one week of work he performed at the 74th Street Site.

96. Between around June 15, 2018, and around July 20, 2018, the Real Innovative Construction Defendants and the Jacobs Defendants employed plaintiff Rene I. Ayala to work at the Ocean Avenue Site.

97. Between around June 15, 2018, and around July 20, 2018, the Real Innovative Construction Defendants and the M.N.C. Defendants employed plaintiff Rene I. Ayala to work at the Far Rockaway Site.

98. The Real Innovative Construction Defendants, the Jacobs Defendants, and the M.N.C. Defendants failed to pay plaintiff Rene I. Ayala any wages for approximately one week of work he performed at the Ocean Avenue Site and Far Rockaway Site.

99. Throughout his employment with defendants, plaintiff Rene I. Ayala worked in excess of 40 hours a week, but defendants failed to pay him at his overtime rate of one and one-half times his regular rate for all hours worked in excess of 40 in a week.

100. Throughout his employment with defendants, plaintiff Rene I. Ayala's regular rate of pay was $33 an hour.

101. Between around May 1, 2018, and around June 15, 2018, the Real Innovative Construction Defendants and the ECI Defendants employed plaintiff Alberto Ramon Morales Pombo to work at the 74th Street Site.

102. Between around June 15, 2018, and July 20, 2018, the Real Innovative Construction Defendants and the Jacobs Defendants employed plaintiff Alberto Ramon Morales Pombo to work at the Ocean Avenue Site.

103. Between around June 15, 2018, and July 20, 2018, the Real Innovative Construction Defendants and the M.N.C. Defendants employed plaintiff Alberto Ramon Morales Pombo to work at the Far Rockaway Site.

104. The Real Innovative Construction Defendants, the Jacobs Defendants, and the M.N.C. Defendants failed to pay plaintiff Alberto Ramon Morales Pombo any wages for approximately three weeks of work he performed at the Ocean Avenue Site and the Far Rockaway Site.

105. Throughout his employment with defendants, plaintiff Alberto Ramon Morales Pombo worked in excess of 40 hours a week, but defendants failed to pay him at his overtime rate of one and one-half times his regular rate for all hours worked in excess of 40 in a week.

106. Throughout his employment with defendants, plaintiff Alberto Ramon Morales Pombo's regular rate of pay was $30 an hour.

107. Between around May 1, 2018, and June 15, 2018, the Real Innovative Construction Defendants and the ECI Defendants employed plaintiff Carlos M. Morocho to work at the 74th Street Site.

108. The Real Innovative Construction Defendants and the ECI Defendants failed to pay plaintiff Carlos M. Morocho any wages for approximately one week of work performed at the 74th Street Site.

109. Between around June 15, 2018, and around July 13, 2018, the Real Innovative Construction Defendants and the Jacobs Defendants employed plaintiff Carlos M. Morocho to work at the Ocean Avenue Site.

110. Between around June 15, 2018, and around July 13, 2018, the Real Innovative Construction Defendants and the M.N.C. Defendants employed plaintiff Carlos M. Morocho to work at the Far Rockaway Site.

111. The Real Innovative Defendants, the Jacobs Defendants, and the M.N.C. Defendants failed to pay plaintiff Carlos M. Morocho any wages for approximately two weeks of work he performed at the Ocean Avenue Site and the Far Rockaway Site.

112. Throughout his employment with defendants, plaintiff Carlos M. Morocho worked in excess of 40 hours a week, but defendants failed to pay him at his overtime rate of one and one-half times his regular rate for all hours worked in excess of 40 in a week.

113. Throughout his employment with defendants, plaintiff Carlos M. Morocho's regular rate of pay was $28 an hour.

114. Between around May 1, 2018, and around June 15, 2018, the Real Innovative Construction Defendants and the ECI Defendants employed plaintiff Luis Zaruma to work at the 74th Street Site.

115. The Real Innovative Construction Defendants and the ECI Defendants failed to pay plaintiff Luis Zaruma any wages for approximately one week of work he performed at the 74th Street Site.

116. Between around June 15, 2018, and July 20, 2018, the Real Innovative Construction Defendants and the Jacobs Defendants employed plaintiff Luis Zaruma to work at the Ocean Avenue Site.

117. Between around June 15, 2018, and July 20, 2018, the Real Innovative Construction Defendants and the M.N.C. Defendants employed plaintiff Luis Zaruma to work at the Far Rockaway Site.

118. The Real Innovative Construction Defendants, the Jacobs Defendants, and the M.N.C. Defendants failed to pay plaintiff Luis Zaruma any wages for approximately two weeks of work he performed at the Ocean Avenue Site and the Far Rockaway Site.

119. Throughout his employment with defendants, plaintiff Luis Zaruma worked in excess of 40 hours a week, but defendants failed to pay him at his overtime rate of one and one-half times his regular rate for all hours worked in excess of 40 in a week.

120. Throughout his employment with defendants, plaintiff Luis Zaruma's regular rate of pay was $25 an hour.

121. Between around May 15, 2018, and June 15, 2018, the Real Innovative Construction Defendants and the ECI Defendants employed plaintiff Maximino Flores to work at the 74th Street Site.

122. The Real Innovative Construction Defendants and the ECI Defendants failed to pay plaintiff Maximino Flores any wages for approximately one week of work he performed at the 74th Street Site.

123. Between around June 15, 2018, and around July 20, 2018, the Real Innovative Construction Defendants and the Jacobs Defendants employed plaintiff Maximino Flores to work at the Ocean Avenue Site.

124. Between around June 15, 2018, and around July 13, 2018, the Real Innovative Construction Defendants and the M.N.C. Defendants employed plaintiff Maximino Flores to work at the Far Rockaway Site.

125. The Real Innovative Defendants, the Jacobs Defendants, and the M.N.C. Defendants failed to pay plaintiff Maximino Flores any wages for approximately two weeks of work he performed at the Ocean Avenue Site and the Far Rockaway Site.

126. Throughout his employment with defendants, plaintiff Maximino Flores worked in excess of 40 hours a week, but defendants failed to pay him at his overtime rate of one and one-half times his regular rate for all hours worked in excess of 40 in a week.

127. Throughout his employment with defendants, plaintiff Maximino Flores's regular rate of pay was $28 an hour.

128. Between around June 9, 2018, and July 20, 2018, the Real Innovative Construction Defendants and the Jacobs Defendants employed plaintiff John Danilo Barahona Barahona to work at the Ocean Avenue Site.

129. Between around June 9, 2018, and July 20, 2018, the Real Innovative Construction Defendants and the M.N.C. Defendants employed plaintiff John Danilo Barahona Barahona to work at the Far Rockaway Site.

130. The Real Innovative Construction Defendants, the Jacobs Defendants, and the M.N.C. Defendants failed to pay plaintiff John Danilo Barahona Barahona any wages for approximately two weeks of work he performed at the Ocean Avenue Site and the Far Rockaway Site.

131. Throughout his employment with defendants, plaintiff John Danilo Barahona Barahona worked in excess of 40 hours a week, but defendants failed to pay him at his overtime rate of one and one-half times his regular rate for all hours worked in excess of 40 in a week.

132. Throughout his employment with defendants, plaintiff John Danilo Barahona Barahona's regular rate of pay was $30 an hour.

133. Between around June 16, 2018, and July 20, 2018, the Real Innovative Construction Defendants and the Jacobs Defendants employed plaintiff Edison Cristobal Triana Picon to work at the Ocean Avenue Site.

134. Between around June 16, 2018, and July 20, 2018, the Real Innovative Construction Defendants and the M.N.C. Defendants employed plaintiff Edison Cristobal Triana Picon to work at the Far Rockaway Site.

135. The Real Innovative Construction Defendants, the Jacobs Defendants, and the M.N.C. Defendants failed to pay plaintiff Edison Cristobal Triana Picon any wages for approximately two weeks of work he performed at the Ocean Avenue Site and the Far Rockaway Site.

136. Throughout his employment with defendants, plaintiff Edison Cristobal Triana Picon worked in excess of 40 hours a week, but defendants failed to pay him at his overtime rate of one and one-half times his regular rate for all hours worked in excess of 40 in a week.

137. Throughout his employment with defendants, plaintiff Edison Cristobal Triana Picon's regular rate of pay was $28 an hour.

138. Between about June 18, 2018, and about July 20, 2018, the Real Innovative Construction Defendants and the Jacobs Defendants employed plaintiff Oswaldo Bravo to work at the Ocean Avenue Site.

139. Between about June 18, 2018, and about July 20, 2018, the Real Innovative Construction Defendants and the M.N.C. Defendants employed plaintiff Oswaldo Bravo to work at the Far Rockaway Site.

140. The Real Innovative Construction Defendants, the Jacobs Defendants, and the M.N.C. Defendants failed to pay plaintiff Oswaldo Bravo any wages for approximately two weeks of work he performed at the Ocean Avenue Site and the Far Rockaway Site.

141. Throughout his employment with defendants, plaintiff Oswaldo Bravo worked in excess of 40 hours a week, but defendants failed to pay him at his overtime rate of one and one-half times his regular rate for all hours worked in excess of 40 in a week.

142. Throughout his employment with defendants, plaintiff Oswaldo Bravo's regular rate of pay was $35 an hour.

143. Between about June 18, 2018, and about July 20, 2018, the Real Innovative Construction Defendants and the Jacobs Defendants employed plaintiff Jorge Vargas to work at the Ocean Avenue Site.

144. Between about June 18, 2018, and about July 20, 2018, the Real Innovative Construction Defendants and the M.N.C. Defendants employed plaintiff Jorge Vargas to work at the Far Rockaway Site.

145. The Real Innovative Construction Defendants, the Jacobs Defendants, and the M.N.C. Defendants failed to pay plaintiff Jorge Vargas any wages for approximately two weeks of work he performed at the Ocean Avenue Site and the Far Rockaway Site.

146. Throughout his employment with defendants, plaintiff Jorge Vargas worked in excess of 40 hours a week, but defendants failed to pay him at his overtime rate of one and one-half times his regular rate for all hours worked in excess of 40 in a week.

147. Throughout his employment with defendants, plaintiff Jorge Vargas's regular rate of pay was $27 an hour.

148. Between about June 18, 2018, and about July 20, 2018, the Real Innovative Construction Defendants and the Jacobs Defendants employed plaintiff Angel Reyes to work at the Ocean Avenue Site.

149. Between about June 18, 2018, and about July 20, 2018, the Real Innovative Construction Defendants and the M.N.C. Defendants employed plaintiff Angel Reyes to work at the Far Rockaway Site.

150. The Real Innovative Construction Defendants, the Jacobs Defendants, and the M.N.C. Defendants failed to pay plaintiff Angel Reyes any wages for approximately two weeks of work he performed at the Ocean Avenue Site and the Far Rockaway Site.

151. Throughout his employment with defendants, plaintiff Angel Reyes worked in excess of 40 hours a week, but defendants failed to pay him at his overtime rate of one and one-half times his regular rate for all hours worked in excess of 40 in a week.

152. Throughout his employment with defendants, plaintiff Angel Reyes's regular rate of pay was $28 an hour.

153. Between around June 18, 2018, and around July 19, 2018, the Real Innovative Construction Defendants and the Jacobs Defendants employed plaintiff Jairali Calle to work at the Ocean Avenue Site.

154. Between around June 18, 2018, and around July 19, 2018, the Real Innovative Construction Defendants and the M.N.C. Defendants employed plaintiff Jairali Calle to work at the Far Rockaway Site.

155. The Real Innovative Construction Defendants, the Jacobs Defendants, and the M.N.C. Defendants failed to pay plaintiff Jairali Calle any wages for approximately one week of work he performed at the Ocean Avenue Site and the Far Rockaway Site.

156. Throughout his employment with defendants, plaintiff Jairali Calle worked in excess of 40 hours a week, but defendants failed to pay him at his overtime rate of one and one-half times his regular rate for all hours worked in excess of 40 in a week.

157. Throughout his employment with defendants, plaintiff Jairali Calle's regular rate of pay was $18 an hour.

158. Between around June 18, 2018, and around July 16, 2018, the Real Innovative Construction Defendants and the Jacobs Defendants employed plaintiff Edgar Pilaguicin to work at the Ocean Avenue Site.

159. Between around June 18, 2018, and around July 16, 2018, the Real Innovative Construction Defendants and the M.N.C. Defendants employed plaintiff Edgar Pilaguicin to work at the Far Rockaway Site.

160. The Real Innovative Construction Defendants, the Jacobs Defendants, and the M.N.C. Defendants failed to pay plaintiff Edgar Pilaguicin any wages for approximately two weeks of work he performed at the Ocean Avenue and Far Rockaway Sites.

161. Throughout his employment with defendants, plaintiff Edgar Pilaguicin worked in excess of 40 hours a week, but defendants failed to pay him at his overtime rate of one and one-half times his regular rate for all hours worked in excess of 40 in a week.

162. Throughout his employment with defendants, plaintiff Edgar Pilaguicin's regular rate of pay was $30 an hour.

163. Between around June 18, 2018, and July 20, 2018, the Real Innovative Construction Defendants and the Jacobs Defendants employed plaintiff Juan Amanta to work at the Ocean Avenue Site.

164. Between around June 18, 2018, and July 20, 2018, the Real Innovative Construction Defendants and the M.N.C. Defendants employed plaintiff Juan Amanta to work at the Far Rockaway Site.

165. The Real Innovative Construction Defendants, the Jacobs Defendants, and the M.N.C. Defendants failed to pay plaintiff Juan Amanta any wages for approximately two weeks of work he performed at the Ocean Avenue Site and the Far Rockaway Site.

166. Throughout his employment with defendants, plaintiff Juan Amanta worked in excess of 40 hours a week, but defendants failed to pay him at his overtime rate of one and one-half times his regular rate for all hours worked in excess of 40 in a week.

167. Throughout his employment with defendants, plaintiff Juan Amanta's regular rate of pay was $30 an hour.

168. Between around June 18, 2018, and July 20, 2018, the Real Innovative Construction Defendants and the Jacobs Defendants employed plaintiff Segundo Pinto to work at the Ocean Avenue Site.

169. Between around June 18, 2018, and July 20, 2018, the Real Innovative Construction Defendants and the M.N.C. Defendants employed plaintiff Segundo Pinto to work at the Far Rockaway Site.

170. The Real Innovative Construction Defendants, the Jacobs Defendants, and the M.N.C. Defendants failed to pay plaintiff Segundo Pinto any wages for approximately two weeks of work he performed at the Ocean Avenue Site and the Far Rockaway Site.

171. Throughout his employment with defendants, plaintiff Segundo Pinto worked in excess of 40 hours a week, but defendants failed to pay him at his overtime rate of one and one-half times his regular rate for all hours worked in excess of 40 in a week.

172. Throughout his employment with defendants, plaintiff Segundo Pinto's regular rate of pay was $30 an hour.

173. Between around June 18, 2018, and July 16, 2018, the Real Innovative Construction Defendants and the Jacobs Defendants employed plaintiff Segundo Francisco Lasluisa to work at the Ocean Avenue Site.

174. Between around June 18, 2018, and July 16, 2018, the Real Innovative Construction Defendants and the M.N.C. Defendants employed plaintiff Segundo Francisco Lasluisa to work at the Far Rockaway Site.

175. The Real Innovative Construction Defendants, the Jacobs Defendants, and the M.N.C. Defendants failed to pay plaintiff Segundo Francisco Lasluisa any wages for approximately two weeks of work he performed at the Ocean Avenue Site and the Far Rockaway Site.

176. Throughout his employment with defendants, plaintiff Segundo Francisco Lasluisa worked in excess of 40 hours a week, but defendants failed to pay him at his overtime rate of one and one-half times his regular rate for all hours worked in excess of 40 in a week.

177. Throughout his employment with defendants, plaintiff Segundo Francisco Lasluisa's regular rate of pay was $30 an hour.

178. Between around June 18, 2018, and around July 16, 2018, the Real Innovative Construction Defendants and the Jacobs Defendants employed plaintiff Jose Alberto Lasluisa to work at the Ocean Avenue Site.

179. Between around June 18, 2018, and around July 16, 2018, the Real Innovative Construction Defendants and the M.N.C. Defendants employed plaintiff Jose Alberto Lasluisa to work at the Far Rockaway Site.

180. The Real Innovative Defendants, the Jacobs Defendants, and the M.N.C. Defendants failed to pay plaintiff Jose Alberto Lasluisa any wages for approximately two weeks of work he performed at the Ocean Avenue Site and the Far Rockaway Site.

181. Throughout his employment with defendants, plaintiff Jose Alberto Lasluisa worked in excess of 40 hours a week, but defendants failed to pay him at his overtime rate of one and one-half times his regular rate for all hours worked in excess of 40 in a week.

182. Throughout his employment with defendants, plaintiff Jose Alberto Lasluisa's regular rate of pay was $30 an hour.

183. Between around June 18, 2018, and around July 20, 2018, the Real Innovative Construction Defendants and the Jacobs Defendants employed plaintiff David Pareja to work at the Ocean Avenue Site.

184. Between around June 18, 2018, and around July 20, 2018, the Real Innovative Construction Defendants and the M.N.C. Defendants employed plaintiff David Pareja to work at the Far Rockaway Site.

185. The Real Innovative Defendants, the Jacobs Defendants, and the M.N.C. Defendants failed to pay plaintiff David Pareja any wages for approximately two weeks of work he performed at the Ocean Avenue Site and the Far Rockaway Site.

186. Throughout his employment with defendants, plaintiff David Pareja worked in excess of 40 hours a week, but defendants failed to pay him at his overtime rate of one and one-half times his regular rate for all hours worked in excess of 40 in a week.

187. Throughout his employment with defendants, plaintiff David Pareja's regular rate of pay was $20 an hour.

188. Between around June 25, 2018, and around July 20, 2018, the Real Innovative Construction Defendants and the Jacobs Defendants employed plaintiff Luis Enrique Castillo Rodriguez to work at the Ocean Avenue Site.

189. Between around June 25, 2018, and July 20, 2018, the Real Innovative Construction Defendants and the M.N.C. Defendants employed plaintiff Luis Enrique Castillo Rodriguez to work at the Far Rockaway Site.

190. The Real Innovative Construction Defendants, the Jacobs Defendants, and the M.N.C. Defendants failed to pay plaintiff Luis Enrique Castillo Rodriguez any wages for approximately three weeks and 9.5 hours of work he performed at the Ocean Avenue Site and the Far Rockaway Site.

191. Throughout his employment with defendants, plaintiff Luis Enrique Castillo Rodriguez worked in excess of 40 hours a week, but defendants failed to pay him at his overtime rate of one and one-half times his regular rate for all hours worked in excess of 40 in a week.

192. Throughout his employment with defendants, plaintiff Luis Enrique Castillo Rodriguez's regular rate of pay was $22 an hour.

193. Between around June 25, 2018, and July 17, 2018, the Real Innovative Construction Defendants and the Jacobs Defendants employed plaintiff Jeffry Osman Brizzo Caceres to work at the Ocean Avenue Site.

194. Between around June 25, 2018, and July 17, 2018, the Real Innovative Construction Defendants and the M.N.C. Defendants employed plaintiff Jeffry Osman Brizzo Caceres to work at the Far Rockaway Site.

195. The Real Innovative Construction Defendants, the Jacobs Defendants, and the M.N.C. Defendants failed to pay plaintiff Jeffry Osman Brizzo Caceres any wages for approximately two and a half weeks and ten hours of work he performed at the Ocean Avenue Site and the Far Rockaway Site.

196. Throughout his employment with defendants, plaintiff Jeffry Osman Brizzo Caceres worked in excess of 40 hours a week, but defendants failed to pay him at his overtime rate of one and one-half times his regular rate for all hours worked in excess of 40 in a week.

197. Throughout his employment with defendants, plaintiff Jeffry Osman Brizzo Caceres's regular rate of pay was $18 an hour.

198. Between around June 25, 2018, and July 17, 2018, the Real Innovative Construction Defendants and the Jacobs Defendants employed plaintiff Junior Odair Medrano to work at the Ocean Avenue Site.

199. The Real Innovative Construction Defendants and the Jacobs Defendants failed to pay plaintiff Junior Odair Medrano any wages for approximately two and a half weeks and one day of work he performed at the Ocean Avenue Site.

200. Throughout his employment with defendants, plaintiff Junior Odair Medrano worked in excess of 40 hours a week, but defendants failed to pay him at his overtime rate of one and one-half times his regular rate for all hours worked in excess of 40 in a week.

201. Throughout his employment with defendants, plaintiff Junio Odair Medrano's regular rate of pay was $28 an hour.

202. Between around June 25, 2018, and July 17, 2018, the Real Innovative Construction Defendants and the Jacobs Defendants employed plaintiff Eufemio Diaz Montenegro to work at the Ocean Avenue Site.

203. The Real Innovative Construction Defendants and the Jacobs Defendants failed to pay plaintiff Eufemio Diaz Montenegro any wages for approximately two and a half weeks and one day of work he performed at the Ocean Avenue Site.

204. Throughout his employment with defendants, plaintiff Eufemio Diaz Montenegro worked in excess of 40 hours a week, but defendants failed to pay him at his overtime rate of one and one-half times his regular rate for all hours worked in excess of 40 in a week.

205. Throughout his employment with defendants, plaintiff Eufemio Diaz Montenegro's regular rate of pay was $28 an hour.

206. Between around June 25, 2018, and July 17, 2018, the Real Innovative Construction Defendants and the Jacobs Defendants employed plaintiff Juan Antonio Rodriguez Duran to work at the Ocean Avenue Site.

207. The Real Innovative Construction Defendants and the Jacobs Defendants failed to pay plaintiff Juan Antonio Rodriguez Duran any wages for approximately two weeks and one day of work he performed at the Ocean Avenue Site.

208. Throughout his employment with defendants, plaintiff Juan Antonio Rodriguez Duran worked in excess of 40 hours a week, but defendants failed to pay him at his overtime rate of one and one-half times his regular rate for all hours worked in excess of 40 in a week.

209. Throughout his employment with defendants, plaintiff Juan Antonio Rodriguez Duran's regular rate of pay was $28 an hour.

210. Between around June 25, 2018, and July 17, 2018, the Real Innovative Construction Defendants and the Jacobs Defendants employed plaintiff Auver Hoyos Altamirano to work at the Ocean Avenue Site.

211. The Real Innovative Construction Defendants and the Jacobs Defendants failed to pay plaintiff Auver Hoyos Altamirano any wages for approximately 91 hours of work he performed at the Ocean Avenue Site.

212. Throughout his employment with defendants, plaintiff Auver Hoyos Altamirano worked in excess of 40 hours a week, but defendants failed to pay him at his overtime rate of one and one-half times his regular rate for all hours worked in excess of 40 in a week.

213. Throughout his employment with defendants, plaintiff Auver Hoyos Altamirano's regular rate of pay was $28 an hour.

214. Between around June 25, 2018, and July 17, 2018, the Real Innovative Construction Defendants and the Jacobs Defendants employed plaintiff Oliverio Antonio Ayala to work at the Ocean Avenue Site.

215. The Real Innovative Construction Defendants and the Jacobs Defendants failed to pay plaintiff Oliverio Antonio Ayala any wages for approximately three weeks and one day of work he performed at the Ocean Avenue Site.

216. Throughout his employment with defendants, plaintiff Oliverio Antonio Ayala worked in excess of 40 hours a week, but defendants failed to pay him at his overtime rate of one and one-half times his regular rate for all hours worked in excess of 40 in a week.

217. Throughout his employment with defendants, plaintiff Oliverio Antonio Ayala's regular rate of pay was $28 an hour.

218. Between around June 25, 2018, and July 17, 2018, the Real Innovative Construction Defendants and the Jacobs Defendants employed plaintiff Esdras Nehemias Gutierrez Cerrato to work at the Ocean Avenue Site.

219. Between around June 25, 2018, and July 17, 2018, the Real Innovative Construction Defendants and the M.N.C. Defendants employed plaintiff Esdras Nehemias Gutierrez Cerrato to work at the Far Rockaway Site.

220. The Real Innovative Construction Defendants, the Jacobs Defendants, and the M.N.C. Defendants failed to pay plaintiff Esdras Nehemias Gutierrez Cerrato any wages for approximately two weeks of work he performed at the Ocean Avenue Site and the Far Rockaway Site.

221. Throughout his employment with defendants, plaintiff Esdras Nehemias Gutierrez Cerrato worked in excess of 40 hours a week, but defendants failed to pay him at his overtime rate of one and one-half times his regular rate for all hours worked in excess of 40 in a week.

222. Throughout his employment with defendants, plaintiff Esdras Nehemias Gutierrez Cerrato's regular rate of pay was $28 an hour.

223. Between about June 26, 2018, and July 20, 2018, the Real Innovative Construction Defendants and the Jacobs Defendants employed plaintiff Victor Manuel Palacios Gonzalez to work at the Ocean Avenue Site.

224. Between about June 26, 2018, and July 20, 2018, the Real Innovative Construction Defendants and the M.N.C. Defendants employed plaintiff Victor Manuel Palacios Gonzalez to work at the Far Rockaway Site.

225. The Real Innovative Construction Defendants, the Jacobs Defendants, and the M.N.C. Defendants failed to pay plaintiff Victor Manuel Palacios Gonzalez any wages for approximately three weeks of work he performed at the Ocean Avenue Site and Far Rockaway Site.

226. Throughout his employment with defendants, plaintiff Victor Manuel Palacios Gonzalez worked in excess of 40 hours a week, but defendants failed to pay him at his overtime rate of one and one-half times his regular rate for all hours worked in excess of 40 in a week.

227. Throughout his employment with defendants, plaintiff Victor Manual Palacios Gonzalez's regular rate of pay was $28 an hour.

228. Between around July 2, 2018, and around July 20, 2018, the Real Innovative Construction Defendants and the Jacobs Defendants employed plaintiff Saul Reyes to work at the Ocean Avenue Site.

229. The Real Innovative Construction Defendants and the Jacobs Defendants failed to pay plaintiff Saul Reyes any wages for approximately three weeks of work he performed at the Ocean Avenue Site.

230. Throughout his employment with defendants, plaintiff Saul Reyes worked in excess of 40 hours a week, but defendants failed to pay him at his overtime rate of one and one-half times his regular rate for all hours worked in excess of 40 in a week.

231. Throughout his employment with defendants, plaintiff Saul Reyes's regular rate of pay was $26 an hour.

232. Between around July 5, 2018, and July 20, 2018, the Real Innovative Construction Defendants and the Jacobs Defendants employed plaintiff Adrian Crescencio to work at the Ocean Avenue Site.

233. The Real Innovative Construction Defendants and the Jacobs Defendants failed to pay plaintiff Adrian Crescencio any wages for approximately three weeks of work he performed at the Ocean Avenue Site.

234. Throughout his employment with defendants, plaintiff Adrian Crescencio worked in excess of 40 hours a week, but defendants failed to pay him at his overtime rate of one and one-half times his regular rate for all hours worked in excess of 40 in a week.

235. Throughout his employment with defendants, plaintiff Adrian Crescencio's regular rate of pay was $20 an hour.

236. Between around July 9, 2018, and around July 20, 2018, the Real Innovative Construction Defendants and the Jacobs Defendants employed plaintiff Marcos Mercado to work at the Ocean Avenue Site.

237. Between around July 9, 2018, and around July 20, 2018, the Real Innovative Construction Defendants and the M.N.C. Defendants employed plaintiff Marcos Mercado to work at the Far Rockaway Site.

238. The Real Innovative Construction Defendants, the Jacobs Defendants, and the M.N.C. Defendants failed to pay plaintiff Marcos Mercado any wages for approximately 2 weeks of work he performed at the Ocean Avenue Site and the Far Rockaway Site.

239. Throughout his employment with defendants, plaintiff Marcos Mercado worked in excess of 40 hours a week, but defendants failed to pay him at his overtime rate of one and one-half times his regular rate for all hours worked in excess of 40 in a week.

240. Throughout his employment with defendants, plaintiff Marcos Mercado's regular rate of pay was $33 an hour.

241. Between around July 9, 2018, and July 20, 2018, the Real Innovative Construction Defendants and the Jacobs Defendants employed plaintiff Edwin Orlando Perez Velarde to work at the Ocean Avenue Site.

242. Between around July 9, 2018, and July 20, 2018, the Real Innovative Construction Defendants and the M.N.C. Defendants employed plaintiff Edwin Orlando Perez Velarde to work at the Far Rockaway Site.

243. The Real Innovative Construction Defendants, the Jacobs Defendants, and the M.N.C. Defendants failed to pay plaintiff Edwin Orlando Perez Velarde any wages for approximately two weeks of work he performed at the Ocean Avenue Site and the Far Rockaway Site.

244. Throughout his employment with defendants, plaintiff Edwin Orlando Perez Velarde worked in excess of 40 hours a week, but defendants failed to pay him at his overtime rate of one and one-half times his regular rate for all hours worked in excess of 40 in a week.

245. Throughout his employment with defendants, plaintiff Edwin Orlando Perez Velarde's regular rate of pay was $45 an hour.

246. From about July 16, 2018, and to about July 17, 2018, the Real Innovative Construction Defendants and the Jacobs Defendants employed plaintiff Jose Carlos Luna Bautista to work at the Ocean Avenue Site.

247. The Real Innovative Construction Defendants and the Jacobs Defendants failed to pay plaintiff Jose Carlos Luna Bautista any wages for the two days of work he performed at the Ocean Avenue Site.

248. Throughout his employment with defendants, Jose Carlos Luna Bautista's regular rate of pay was $20 an hour.

**First Claim**
**Failure to Pay Overtime in Violation of the Fair Labor Standards Act**
**(29 U.S.C. §§ 201 *et seq.*)**

249. Plaintiffs repeat and reallege the preceding allegations.

250. Throughout plaintiffs' employment with defendants, plaintiffs worked in excess of 40 hours per week, but Defendants willfully failed to pay plaintiffs at their overtime rate, as required by the FLSA, for the hours they worked in excess of 40 hours each week.

251. Plaintiffs seek, and are entitled, to recover their unpaid overtime compensation, liquidated damages as provided by the FLSA, attorneys' fees, costs, and post-judgment interest along with such other relief as this Court deems just and proper.

**Second Claim**
**Failure to Pay Straight-Time Wages in Violation of New York State Labor Law**
**(NYLL §§ 193, 198, 650 *et seq.* and 12 NYCRR § 142-2.10)**

252. Plaintiffs repeat and reallege the preceding allegations.

253. In violation of NYLL § 193, Defendants failed to pay plaintiffs any wages for, depending on the plaintiff, between two days and more than three weeks of work.

254. Plaintiffs seek, and are entitled, to recover their unpaid straight-time wages, liquidated damages pursuant to NYLL, attorneys' fees, costs and pre- and post-judgment interest along with such other relief as this Court deems just and proper.

**Third Claim**
**Failure to Pay Minimum Wages in Violation of New York Labor Law**
**(NYLL §§ 198, 650 *et seq.* and 12 NYCRR § 142-2.1)**

255. Plaintiffs repeat and reallege the preceding allegations.

256. Throughout plaintiffs' employment, defendants willfully failed to pay plaintiffs any wages for, depending on the plaintiff, between two days and more than three weeks of work.

257. Plaintiffs seek, and are entitled, to recover unpaid minimum wages, liquidated damages pursuant to NYLL, attorneys' fees, costs and pre- and post-judgment interest along with such other relief as this Court deems just and proper.

### Fourth Claim
### Failure to Pay Overtime in Violation of New York State Labor Law
### (NYLL §§ 198, 650 *et seq.* and 12 NYCRR § 142-2.2)

258. Plaintiffs repeat and reallege the preceding allegations.

259. Throughout plaintiffs' employment with defendants, plaintiffs worked in excess of 40 hours per week, but defendants willfully failed to pay plaintiffs at their overtime rate, as required by NYLL, for the hours they worked in excess of 40 hours each week.

260. Plaintiffs seek, and are entitled, to recover their unpaid overtime compensation, liquidated damages as provided by NYLL, attorneys' fees, costs, and pre- and post-judgment interest along with such other relief as this Court deems just and proper.

### Fifth Claim
### Failure to Pay Spread-of-Hours Premiums in Violation of New York State Labor Law
### (NYLL §§ 198, 650 *et seq.* and 12 NYCRR § 142-1.6)

261. Plaintiffs repeat and reallege the preceding allegations.

262. Throughout their employment, plaintiffs worked shifts in excess of ten hours a day, but defendants willfully failed to pay plaintiffs spread-of-hours premiums for those shifts, in violation of 12 NYCRR § 142-2.4.

263.  Plaintiffs seek, and are entitled, to recover their unpaid spread-of-hours premiums, liquidated damages pursuant to NYLL, attorneys' fees, costs and pre- and-post judgment interest along with such other relief as this Court deems just and proper.

### Sixth Claim
### Failure to provide Wage Notices in Violation of New York State Labor Law
### (NYLL §§ 195(1), 198, 650 *et seq.* and 12 NYCRR § 142-2.3)

264. Plaintiffs repeat and reallege the preceding allegations.

265. Throughout plaintiffs' employment, defendants failed to furnish plaintiffs with wage statements, in violation of NYLL § 195(1).

266. Plaintiffs seek, and are entitled, to recover damages in the amounts provided by NYLL § 198 for defendants' failure to furnish wage statements.

### Seventh Claim
### Failure to furnish Wage Statements in Violation of New York State Labor Law
### (NYLL § 195(3) and 12 NYCRR § 142-2.3)

267. Plaintiffs repeat and reallege the preceding allegations.

268. Throughout plaintiffs' employment, defendants failed to furnish plaintiffs with wage statements, in violation of NYLL § 195(3).

269. Plaintiffs seek, and are entitled, to recover damages in the amounts provided by NYLL § 198 for defendants' failure to furnish wage statements.

### RELIEF SOUGHT

Plaintiffs respectfully request that this Court grant them the relief to which they are entitled and:

(a) enter judgment declaring that defendants willfully violated the FLSA;

(b) enter judgment declaring that defendants willfully violated NYLL;

(c) award plaintiffs the overtime wages they are owed under the FLSA and NYLL;

(d) award plaintiffs the straight-time wages they are owed under the NYLL;

(e) award plaintiffs the minimum wages they are owed under NYLL;

(f) award plaintiffs the spread-of-hours premium they are owed under NYLL;

(g) award plaintiffs liquidated damages pursuant to the NYLL

and FLSA;

   (h)  award plaintiffs statutory damages for defendants' recordkeeping violations under NYLL;

   (i)  award plaintiffs attorneys' fees pursuant to 29 U.S.C. § 216, NYLL § 663, and all other applicable law;

   (j)  award plaintiffs pre- and post-judgment interest as provided by law; and

   (k)  grant such other relief that is just and proper.


Dated: New York, New York
       September 14, 2018

                                   Respectfully submitted,

                                   EISNER & DICTOR, P.C.
                                   *Attorneys for Plaintiffs*

                              By: /s/ Thomas J. Lamadrid
                                   Thomas J. Lamadrid
                                   39 Broadway, Suite 1540
                                   New York, NY 10006
                                   Tel: (212) 473-8700
                                   Fax: (212) 473-8705
                                   thomas@eisnerdictor.com