**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

KENJY ORELLANA, et al.,

                          Plaintiffs,

      v.

REAL INNOVATIVE CONSTRUCTION, LLC, ANDY
MORALES, CARLOS MORALES, ECI
CONTRACTING, LLC d/b/a ECI SERVICES, KIERAN
KEAVENEY, JACOBS DEVELOPMENT CORP.,
DANIEL JAKUBOWICZ, and T.B.C GROUP LTD.,

                          Defendants.

Index No.: 18 Civ. 8396
(VEC)

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT T.B.C GROUP LTD.'S MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT PURSUANT TO RULE 12(B)(6) AND/OR RULE 8 OF THE FEDERAL RULES OF CIVIL PROCEDURE

Zetlin and De Chiara LLP

*ATTORNEYS FOR DEFENDANT*
*T.B.C GROUP LTD.*
801 Second Avenue
New York, New York 10017
(212) 682-6800

Attorney of Record:
      Bill P. Chimos, Esq.

2879290.1

## <u>TABLE OF CONTENTS</u>

TABLE OF CONTENTS .................................................................................................................. i

TABLE OF AUTHORITIES ......................................................................................................... ii

PRELIMINARY STATEMENT ................................................................................................... 1

SUMMARY OF ALLEGATIONS ............................................................................................... 1

ARGUMENT ................................................................................................................................ 3

    I.      LEGAL STANDARD.................................................................................................... 3

    II.    COMPLAINT FAILS TO ALLEGE FACTS SUFFICIENT TO STATE A CLAIM UNDER THE FLSA OR NYLL. ..................................................................................... 4

          A.      Complaint Fails to Allege Facts Sufficient to State a Claim That TBC Was Their Employer or Joint Employer. ......................................................... 4

               i.      Employer Standard Under the FLSA and NYLL. ............................... 4

               ii.     No Facts Have Been Alleged That Satisfy the Employer Standard as to TBC. ..................................................................................... 6

CONCLUSION............................................................................................................................. 11

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Allen v. WestPoint–Pepperill, Inc.*,
  945 F.2d 40 (2d Cir. 1991) .................................................................................. 4

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ........................................................................................... 3

*Barfield v. N.Y.C. Health and Hosps. Corp.*,
  537 F.3d 132 (2d Cir. 2008) ............................................................................... 5

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007) ........................................................................................ 3, 4

*Cannon v. Douglas Elliman, LLC*,
  No. 06 Civ 7092 (NRB), 2007 U.S. Dist. LEXIS 91139 (S.D.N.Y. Dec. 10, 2007) .............. 6, 9

*Carter v. Dutchess Cmty. Coll.*,
  735 F.2d 8 (2d Cir. 1984) ................................................................................... 5

*Diaz v. Consortium for Worker Educ., Inc.*,
  No. 10 Civ. 08148 (LAP), 2010 U.S. Dist. LEXIS 107722 (S.D.N.Y. 2010) ......................... 6, 9

*Herman v. RSR Sec. Servs.*,
  172 F.3d 132 (2d Cir. 1999) ............................................................................ 4, 5

*Kalyanaram v. Am. Ass'n of Univ. Professors at N.Y. Inst. of Tech., Inc.*,
  742 F.3d 42 (2d Cir. 2014) ................................................................................. 4

*Lans v. Kiska Constr. Corp.*,
  No. 96 Civ. 4114 (KMW)(AJP), 1997 U.S. Dist. LEXIS 21271 (S.D.N.Y. Apr. 18, 1997) ....... 9

*Leonard T. v. Israel Discount Bank of New York*,
  199 F.3d 99 (2d Cir. 1999) ................................................................................. 4

*Lopez v. Acme Am. Envtl. Co.*,
  No. 12 Civ. 511 (WHP), 2012 U.S. Dist. LEXIS 173290 (S.D.N.Y.
  Dec. 6, 2012) ................................................................................... 4, 6, 7, 8, 10

*Mills v. Polar Molecular Corp.*,
  12 F.3d 1170 (2d Cir. 1993) ............................................................................... 3

*Sampson v. MediSys Health Network, Inc.*,
  No. 10 Civ. 1342, 2012 U.S. Dist. LEXIS 103052 (E.D.N.Y. July 24, 2012) ...................... 6, 8

ii

## TABLE OF AUTHORITIES
### (continued)

**Page(s)**

*Santana v. Fishlegs, LLC*,
  No. 13 Civ 01628 (LGS), 2013 U.S. Dist. LEXIS 159530 (S.D.N.Y. Nov. 7, 2013) ....... 7, 8, 10

*Wolman v. Catholic Health*,
  853 F. Supp. 2d 290 (E.D.N.Y. 2012) ......................................................................... 6

*Xue Lian Lin v. Comprehensive Health Mgmt.*,
  2009 U.S. Dist. LEXIS 29779 (S.D.N.Y. Apr. 8, 2009) ........................................... 4, 5

*Zheng v. Liberty Apparel Co.*,
  355 F.3d 61 (2d Cir. 2003) ........................................................................................ 5

**STATUTES**

29 U.S.C. § 203(d) ............................................................................................................ 4
29 U.S.C. § 203(g) ............................................................................................................ 4
29 U.S.C. § 203(s)(1) ........................................................................................................ 8

**RULES**

Fed. R. Civ. P. 8 ................................................................................................................ 1
Fed. R. Civ. P. 8(a) .......................................................................................................... 3
Fed. R. Civ. P. 12(b)(6) ................................................................................................. 1, 3

2879290.1

Defendant T.B.C Group Ltd. ("TBC") submits this Memorandum of Law in Support of their Motion to Dismiss Plaintiffs' Amended Complaint ("Complaint") pursuant to Rule 12(b)(6) and/or Rule 8 of the Federal Rules of Civil Procedure.

## PRELIMINARY STATEMENT

Plaintiffs fail to state a claim against TBC under either the Fair Labor Standards Act ("FLSA") or New York Labor Law ("NYLL") because TBC did not employ Plaintiffs and Plaintiffs do not demonstrate otherwise.  In their Complaint, Plaintiffs fail to allege any particular facts that demonstrate the alleged employment history between Plaintiffs and TBC because no employment relationship between the two parties has ever existed.  Rather, the Complaint, in a conclusory manner, asserts that only some of the Plaintiffs were employed by TBC at a construction site at 164 West 74th Street (the "74th Street Site").  Further, the Complaint depends upon boilerplate iterations of the appropriate legal standard as well as conclusory allegations about TBC's alleged involvement/role in order to improperly increase the breadth of this action, in an attempt to increase its potential pool of culpable parties.  The facts alleged in the Complaint are insufficient to show that it is plausible that there was any control whether functional or formal that TBC had over any of Plaintiffs.  Thus, Plaintiffs' claims against TBC are without merit and fail to satisfy the *Iqbal/Twombly* pleading standard; thereby all claims against TBC should be dismissed.

## SUMMARY OF ALLEGATIONS

Plaintiffs bring this action to recover alleged unpaid wages for work which they allegedly performed at numerous construction sites in New York City between the dates of April 20, 2018 and July 20, 2018.  The three constructions sites that Plaintiffs allegedly worked at are:  (1) the 74th Street Site; (2) 2226 Ocean Avenue, Brooklyn, New York 11229 (the "Ocean Avenue Site"); and (3) 1-56 Beach 146th Street, Far Rockaway, New York 11694 (the "Far Rockaway Site"),

Compl. ¶¶ 2.  The Plaintiffs allege that they were employed as concrete and rebar workers by Defendant Real Innovative Construction, LLC ("Defendant Real Innovative Construction") at all of the construction sites. Compl. ¶ 3.  It is uncontested that TBC did not have any involvement with the Ocean Avenue or Far Rockaway Sites and the Complaint does not allege otherwise. Compl. ¶¶ 4, 56, 68. In fact, out of the 34 Plaintiffs making allegations, only 8 of them (Plaintiffs Kenjy Orellana, Nestor Reyes, Rene I. Ayala, Alberto Ramon Morales Pombo, Carlos M. Morocho, Luis Zaruma, Macimino Flores and Jhojam Armando Fierro Medina) claim that TBC employed them. Compl. ¶¶ 83, 90, 97, 104, 110, 117, 125, 252.

In particular, Plaintiffs claim that they were employees of TBC and the other named Defendants under the FLSA and NYLL and during the alleged employment, the Defendants violated the FLSA and NYLL by allegedly:  (1) not paying overtime; (2) not paying straight-time wages; (3) not paying minimum wages; (4) not paying spread of hours; and (5) not providing Plaintiffs with the necessary notices and wage statements required under NYLL Section 195. Compl. ¶¶ 256-276.  Despite Plaintiffs' conclusory assertion – Compl. ¶¶ 4, 65, 68 – that Defendant employed them, Plaintiffs fail to allege any specific fact that demonstrates the relationship between Plaintiffs and TBC.  As such, the Complaint fails to indicate that Plaintiffs were ever employed by TBC.[1]

---

[1]    To clarify, there has never been an employment relationship between TBC and Plaintiffs.  Although TBC cannot enter into evidence information from outside of this complaint for purposes of this motion, TBC specifies that they never hired, scheduled, paid, disciplined or supervised any Plaintiff in any way.  TBC did not engage in employing workers for the 74th Street Site, rather as a Subcontractor, TBC retained a subcontractor who hired the workers for the site.  Hence, TBC did not control the Plaintiffs in any way during the alleged period.

2

<u>**ARGUMENT**</u>

**I.    <u>LEGAL STANDARD</u>**

A party may move to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) where the opposing party's complaint fails "to state a claim upon which relief can be granted."  Under Rule 12(b)(6), the Court must accept as true all well-pleaded factual allegations of the complaint and draw all inferences in favor of the pleader.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1174 (2d Cir. 1993).  Even "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to establish a well-pleaded complaint.  *Iqbal*, 556 U.S. at 678 (2009).  Thus, to survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'"  *Id.* at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Here, as discussed below, Plaintiffs have failed to satisfy this standard.

A court's first task is to disregard any conclusory statements in a complaint.  *See Iqbal*, 556 U.S. at 678 (2009). A court must next determine if the complaint contains "sufficient factual matter" which, if accepted as true, states a claim that is "plausible on its face."  *Iqbal*, 556 U.S. at 679 (2009).  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.  *Iqbal*, 556 U.S. at 679 (2009).  Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, a complaint is insufficient under Fed. R. Civ. P. 8(a) because it has merely "alleged" but not "show[n] ... that the pleader is entitled to relief."  *Iqbal*, 556 U.S. at 679 (2009).  "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and

3

conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp.*, 550 U.S. at 555.

Finally, on a Rule 12(b)(6) motion, the Court may consider the complaint, any written instrument attached thereto, any statements or documents incorporated by reference, as well as "matters of which judicial notice may be taken." *Kalyanaram v. Am. Ass'n of Univ. Professors at N.Y. Inst. of Tech., Inc.*, 742 F.3d 42, 44 n.1 (2d Cir. 2014); *Leonard T. v. Israel Discount Bank of New York*, 199 F.3d 99, 107 (2d Cir. 1999); *see Allen v. WestPoint–Pepperill, Inc.*, 945 F.2d 40, 44 (2d Cir. 1991).

II.   **COMPLAINT FAILS TO ALLEGE FACTS SUFFICIENT TO STATE A CLAIM UNDER THE FLSA OR NYLL.**[2]

   A.   **Complaint Fails to Allege Facts Sufficient to State a Claim That TBC Was Their Employer or Joint Employer.**

      i.   ***Employer Standard Under the FLSA and NYLL.***

To be liable under the FLSA, a person or entity must be considered an "employer." 29 U.S.C. § 203(d). An entity or individual "employs" an individual if it "suffer[s] or permit[s]" that individual to work. 29 U.S.C. § 203(g). In accordance with the FLSA, "the overarching concern is whether the alleged employer possessed the power to control the workers in question . . . with an eye to the 'economic reality' presented by the facts of each case." *Herman v. RSR Sec. Servs.*, 172 F.3d 132, 139 (2d Cir. 1999); *see also Lopez v. Acme Am. Envtl. Co.*, No. 12 Civ. 511 (WHP), 2012 U.S. Dist. LEXIS 173290 at *3 (S.D.N.Y. Dec. 6, 2012). Generally, the economic reality test assesses four relevant factors: "whether the alleged employer (1) had the power to hire

---

[2]   The analysis of whether a defendant constitutes an employer is the same under both the FLSA and NYLL. *See Xue Lian Lin v. Comprehensive Health Mgmt.*, 2009 U.S. Dist. LEXIS 29779, at *5-6 (S.D.N.Y. Apr. 8, 2009).

and fire the employees, (2) supervised and controlled the employee work schedules or schedules of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Herman*, 172 F.3d at 139 (quoting *Carter v. Dutchess Cmty. Coll.*, 735 F.2d 8, 12 (2d Cir. 1984)); *see also Xue Lian Lin*, 2009 U.S. Dist. LEXIS 29779, at *7 (holding that failure to "allege any facts regarding the positions held by the Individual Defendants or their power to control plaintiffs' hours, wages, or other terms and conditions of employment" required dismissal of FLSA claims against such Individual Defendants).

The economic reality test is helpful due to the fact that "when an entity exercises those four prerogatives, that entity, in addition to any primary employer, must be considered a joint employer." *Zheng v. Liberty Apparel Co.,* 355 F.3d 61, 67 (2d Cir. 2003). As an alternative, when an entity does not formally control workers, it may functionally control them. *See Zheng,* 355 F.3d at 67 (2d Cir. 2003). The Second Circuit examines functional control using a six-part test: "(1) whether [Defendants'] premises and equipment were used for the plaintiffs' work; (2) whether [Defendants] had a business that could or did shift as a unit from one putative joint employer to another; (3) the extent to which plaintiffs performed a discrete line-job that was integral to [Defendants'] process of production; (4) whether responsibility under the contracts could pass from one subcontractor to another without material changes; (5) the degree to which the [] Defendants or their agents supervised plaintiffs' work; and (6) whether plaintiffs worked exclusively or predominantly for the [] Defendants." *Id.* The formal and functional tests for employment are non-exhaustive and not "rigid rule[s]." *Barfield v. N.Y.C. Health and Hosps. Corp.,* 537 F.3d 132, 143 (2d Cir. 2008).

Significantly, it is often recognized in this District that "companies that are part of an 'integrated enterprise' or 'engaged in a joint venture' may nevertheless employ separate people

and, *absent control*, are not liable for the separate employees of joint ventures." *Lopez*, 2012 U.S. Dist. LEXIS 173290, at *4 (emphasis added) (citing *Cannon v. Douglas Elliman, LLC*, No. 06 Civ 7092 (NRB), 2007 U.S. Dist. LEXIS 91139, at *10-11 (S.D.N.Y. Dec. 10, 2007)); *see, e.g.*, *Sampson v. MediSys Health Network, Inc.*, No. 10 Civ. 1342, 2012 U.S. Dist. LEXIS 103052, at *12 (E.D.N.Y. July 24, 2012) (holding that even though plaintiffs' allegations "may suggest some kind of affiliation among the defendants," they failed to allege a joint employer relationship due to being insufficient); *Wolman v. Catholic Health*, 853 F. Supp. 2d 290, 298 (E.D.N.Y. 2012) (holding that allegations "which perhaps establish[] some general commonalities between Defendants" do not establish control such that joint employment is adequately plead); *Diaz v. Consortium for Worker Educ., Inc.*, No. 10 Civ. 08148 (LAP), 2010 U.S. Dist. LEXIS 107722, at *10 (S.D.N.Y. 2010) (holding that allegation which "only shows that defendants shared a common goal" is insufficient to make defendants joint employers).

### ii.   No Facts Have Been Alleged That Satisfy the Employer Standard as to TBC.

The case law is abundantly clear that, in order to sustain a plausible claim under the FLSA and NYLL, it is necessary that Plaintiffs assert particularized allegations about the relationship of control between Plaintiffs and Defendant.  For instance, in *Lopez*, under FLSA and NYLL, plaintiffs tried to recover unpaid overtime wages from multiple corporate defendants.  2012 U.S. Dist. LEXIS 173290, at *1.  Plaintiffs in *Lopez* claimed that the corporate defendants: (1) were under common control, (2) operated from a single facility and shared key employees, including a bookkeeper, an accountant, and a general manager, and (3) shared a common clientele and worked for the common aim of providing a full range of services to companies with commercial kitchens. *Id.* at *10.  Upon granting a motion to dismiss the corporate entities, this Court stated that "[a]lthough they allege an 'integrated enterprise,' Plaintiffs cannot escape their obligation under

the FLSA to allege a relationship of control between the Corporate Moving Defendants *and themselves*." *Id.* at *11 (emphasis added). The Court held that plaintiffs did not state a FLSA claim against the Corporate Defendants and thus dismissed the complaint against them because the plaintiffs failed to allege particularized facts that indicated a relationship of control, under the "economic reality" test, between the plaintiffs and the corporate defendants. *Id.* at *12-14.  In addition, the Court found that the pleadings were insufficient to demonstrate that the affiliated Corporate Defendants exercised functional control over the plaintiffs.  *Id.*  For example, the *Lopez* plaintiffs failed to allege any facts that any Corporate Defendant had any functional control or supervised or controlled their work schedules, under the Second Circuit's six-part *Zheng* test.

Likewise, in *Santana v. Fishlegs, LLC*, the plaintiffs sought recovery for unpaid wages and overtime from seven corporate restaurant defendants, five of which never employed them.  No. 13 Civ 01628 (LGS), 2013 U.S. Dist. LEXIS 159530 (S.D.N.Y. Nov. 7, 2013).  The plaintiffs claimed that the seven Corporate Defendants were one integrated enterprise with shared ownership, operations, marketing, recruiting, employment methods and human resources personnel.  *Id.* at *12.  Notwithstanding those allegations, the Court dismissed all five of the Corporate Defendants that never employed the plaintiffs, finding that the single integrated enterprise doctrine was inapplicable because of insufficient particularized allegations of common control of labor management, common management or common financial control.  *Id.*

Here, Plaintiffs' allegations are the same superficial and conclusory allegations that were held to be insufficient in *Lopez* and *Santana*.  All of Plaintiffs' allegations regarding TBC, with the exception of the repetitive paragraphs for each Plaintiff that claim they were employed by and paid improperly by all of the named Defendants, consist of the following:

- "Defendants ECI Contracting LLC, Kieran Keaveney, T.B.C Group Ltd., and others, including the RIC Defendants, jointly employed plaintiffs at the 74th Street Site." Compl. ¶ 4;
- "Defendant T.B.C Group Ltd. is a business corporation organized under the laws of New York and a former employer of the plaintiffs that worked at the 74th Street Site." Compl. ¶ 59;
- "Beginning around at least April 20, 2018, T.B.C Group Ltd. has performed related activities through unified operations or common control with the common purpose of operating a business that provides construction services to the 74th Street Site." Compl. ¶ 69;
- "Since at least 2018, T.B.C Group Ltd. has constituted an enterprise engaged in commerce or in the production of goods for commerce, as defined by 29 U.S.C. § 203(s)(1), with a gross annual volume of sales made or business done of not less than $500,000 and employees engaged in commerce that handle or otherwise work on goods and materials that have been moved in or produced for commerce." Compl. ¶ 70;
- "Beginning around at least April 20, 2018, the T.B.C Group Ltd. contracted the RIC Defendants to provide concrete and rebar labor to the 74th Street Site." Compl. ¶ 71; and
- "T.B.C Group Ltd. employed plaintiffs at the 74th Street Site within the meaning of "employ" under the FLSA and NYLL.  In particular, T.B.C Group Ltd. had the authority to fire plaintiffs from their work at the 74th Street Site; T.B.C Group Ltd. had and exercised the authority to set plaintiffs' work schedule at the 74th Street Site; T.B.C Group Ltd. had the authority and exercised the authority to supervise and direct plaintiffs' work at the 74th Street Site; T.B.C Group Ltd. had knowledge of plaintiffs' pay rates at the 74th Street Site; plaintiffs used T.B.C Group Ltd. premises and equipment for their work at the 74th Street Site; T.B.C Group Ltd.'s business at the 74th Street could shift from one sub-contractor to another; plaintiffs work at the 74th Street Site was a discrete line-job that was integral to T.B.C Group Ltd.'s process of production at the 74th Street Site; and plaintiffs worked exclusively or predominantly for T.B.C Group Ltd. and others at the 74th Street Site." Compl. ¶ 72.

Here, such as in *Lopez* and *Santana*, even though Plaintiffs claim that all of the named Defendants, including TBC, are joint employers, they did not plead, as required under the FLSA and NYLL, sufficient particularized facts that show a relationship of control between TBC and themselves.  It is "fundamental" to ascertain whether TBC was capable of controlling Plaintiffs' employment.  *See Lopez*, 2012 U.S. Dist. LEXIS 173290, at *11 ("[A]llegations of common ownership and common purpose, without more, do not answer the fundamental question of whether each corporate entity controlled Plaintiffs as employees."); *Sampson*, 2012 U.S. Dist.

8

LEXIS 103052, at *12 (dismissing FLSA allegations against those defendants which plaintiffs failed to allege "had any direct role in hiring or firing the plaintiffs . . . supervised or controlled their work schedules . . . [or] had any direct role in controlling the plaintiffs' conditions of employment or determining their rate and method of payment"); *Diaz*, 2010 U.S. Dist. LEXIS 107722, at *10 (dismissing FLSA claims against defendants since "[t]he complaint contains no facts that indicate that [the defendant] had any direct role in managing the plaintiffs, hiring or firing the plaintiffs, determining their working hours, or maintaining employment records" to demonstrate that defendants were plaintiffs' employer); *cf. Lans v. Kiska Constr. Corp.,* No. 96 Civ. 4114 (KMW)(AJP), 1997 U.S. Dist. LEXIS 21271, at *16 (S.D.N.Y. Apr. 18, 1997) (dismissing entity as plaintiff's "employer" where plaintiff failed to assert any "facts supporting the employment relationship" and just set forth "in conclusory terms that the [defendant] is her 'employer'").

Plaintiffs fail to assert a *single* factual allegation, besides boilerplate legal standards, that suggest that TBC exercised control over the terms and conditions of Plaintiffs' employment. *See*, *e.g.*, *Cannon*, 2007 U.S. Dist. LEXIS 91139, at *12 (dismissing FLSA claims and holding that "beyond reciting the elements of a joint employer arrangement, plaintiffs have not shown that [the alleged employer] did, in fact, play a role in supervising plaintiffs' work"). Nearly the entirety of Plaintiffs' allegations about the alleged control TBC exercised over them are found in only one paragraph. See Compl. ¶ 72. However, this paragraph, is nothing other than a boilerplate reiteration of the appropriate legal standard. Markedly, the Complaint is devoid of allegations that the Plaintiffs were hired, fired, supervised, compensated or managed by TBC nor claim particularized facts that allege a specific, solid connection between them and TBC or any of its employees. The applicable question is not if there is an affiliation between TBC and Defendant

9

Real Innovative Construction, rather it is whether there are particularized allegations that TBC controlled Plaintiffs' employment.  According to a thorough analysis of the Complaint, the answer to the question posed above is that there are no particularized facts, and the reason for such is that none truly exists.

Moreover, Plaintiffs fail to plead, as required under the FLSA and NYLL, sufficient, particularized facts which demonstrate any functional relationship between TBC and themselves. *See Lopez*, 2012 U.S. Dist. LEXIS 173290, at *12 (holding complaint allegations that defendants shared a common bookkeeper, accountant, and general manager, without more, were insufficient to state a cause of action under the FLSA against other entities that did not employ Plaintiffs); *Santana*, 2013 U.S. Dist. LEXIS 159530, at *23 (holding complaint allegations claiming Corporate Defendants shared ownership, operating, marketing, recruiting, employment methods and human resources, void of more, were not sufficient to state a cause of action under the FLSA against other entities that did not employ Plaintiffs).  Plaintiffs fail to claim that TBC is connected to any other defendant in any way.  It does not appear that Plaintiffs' Complaint alleges that TBC and Defendant Real Innovative Construction, or Defendant ECI, shared ownership of any sort, had any similar managers, or had any other connection to one another at all, other than they all worked at the same project site.  For TBC, Plaintiffs merely allege that TBC held themselves out to be agents of Defendant ECI on the 74th Street Site.  Thus, Plaintiffs' only allegations about a functional relationship between themselves and TBC are self-serving statements, without any details or examples, that allege that TBC is their employer.  Falling short of even the insufficient allegations in *Lopez* and *Santana,* Plaintiffs' conclusory allegations are inadequate to survive a pre-answer dismissal.

2879290.1

Essentially, the Complaint is devoid of the requisite factual allegations to plausibly link TBC to Plaintiffs.  Rather, Plaintiffs provide boilerplate allegations under the FLSA and NYLL listing pleading standards without any actual connection to TBC and further allegations directed broadly to "Defendants," which lack specifics to a particular Corporate Defendant other than Defendant Real Innovative Construction.  *See generally* Compl. ¶¶ 1-2, 77-82, 256-276. Therefore, in the interest of judicial economy and in order to avoid unnecessary discovery, TBC, an entity that never employed Plaintiffs, should be dismissed from this action, with prejudice.

## **CONCLUSION**

For the foregoing reasons, TBC respectfully requests: (i) that Plaintiffs' Amended Complaint be dismissed against them, with prejudice, in its entirety for failure to state a claim; and (ii) any further relief that the Court deems just and appropriate.

Dated:  June 28, 2019
         New York, New York

                                        Respectfully submitted,

                                        Zetlin and De Chiara LLP
                                        801 Second Avenue
                                        New York, New York 10017
                                        (212) 682-6800
                                        bchimos@zdlaw.com


                                        By:   /s *Bill P. Chimos*_____
                                              Bill P. Chimos
                                        *ATTORNEYS FOR DEFENDANT*
                                        *T.B.C GROUP LTD.*

11

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 28, 2019, the enclosed **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT T.B.C GROUP LTD.'S MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT PURSUANT TO RULE 12(B)(6) AND/OR RULE 8 OF THE FEDERAL RULES OF CIVIL PROCEDURE** was electronically filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, the Southern District's Local Rules, and the Southern District's Rules on Electronic Service, upon the following parties and participants:

Benjamin Nathan Dictor, Esq.
Thomas John Lamadrid, Esq.
Eisner & Mirer, P.C.
39 Broadway, Suite 1540
New York, New York 10006
(212) 473-8700
*Attorneys for Plaintiffs*

*/s Bill P. Chimos*
Bill P. Chimos