```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/6/2020
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
KENJY ORELLANA, NESTOR REYES,
RENE I. AYALA, ALBERTO RAMON
MORALES POMBO, CARLOS M. MOROCHO,
LUIS ZARUMA, MAXIMINO FLORES, JOHN
DANILO BARAHONA BARAHONA, EDISON
CRISTOBAL TRIANA PICON, OSWALDO
BRAVO, JORGE VARGAS, ANGEL REYES,
JAIRALI CALLE, EDGAR PILAGUICIN,
JUAN AMANTA, SEGUNDO PINTO,
SEGUNDO FRANCISCO LASLUISA, JOSE
ALBERTO LASLUISA, DAVID PAREJA,
LUIS ENRIQUE CASTILLO RODRIGUEZ,
JEFFRY OSMAN BRIZZO CACERES,
JUNIOR ODAIR MEDRANO, EUFEMIO DIAZ
MONTENEGRO, JUAN ANTONIO
RODRIGUEZ DURAN, AUVER HOYOS
ALTAMIRANO, OLIVERIO ANTONIO AYALA,
ESDRAS NEHEMIAS GUTIERREZ
CERRATO, VICTOR MANUEL PALACIOS
GONZALEZ, SAUL REYES, ADRIAN
CRESCENCIO, MARCOS MERCADO,
EDWIN ORLANDO PEREZ VELARDE, JOSE
CARLOS LUNA BAUTISTA, AND JHOJAM
ARMANDO FIERRO MEDINA,

                    Plaintiffs,

         -against-

REAL INNOVATIVE CONSTRUCTION, LLC,
ECI CONTRACTING, LLC (d/b/a ECI
SERVICES), ANDY GARCIA, CARLOS
MORALES, KIERAN KEAVENEY, AND
T.B.C. GROUP, LTD.

                    Defendants.
-----------------------------------------------------------X

18 Civ. 8396 (VEC) (RWL)

**REPORT AND RECOMMENDATION
TO HON. VALERIE E. CAPRONI:
<u>MOTION TO DISMISS</u>**

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

      Plaintiffs assert claims for unpaid wages, unpaid overtime compensation, and failure to receive wage notices pursuant to the Fair Labor Standards Act ("FLSA") and the

1

New York Labor Law ("NYLL"). Pursuant to Rules 8 and 12(b)(6) of the Federal Rules of Civil Procedure, Defendants ECI Contracting, LLC and Kieran Keaveney (the "ECI Defendants") and Defendant T.B.C. Group, Ltd. ("T.B.C. Group") (collectively, "Moving Defendants") respectively move to dismiss, both alleging that Plaintiffs fail to adequately plead that the Moving Defendants served as Plaintiffs' employers under the relevant statutes. For the reasons stated below, the motions to dismiss should be GRANTED.

## Factual Background[1]

Plaintiffs worked as concrete and rebar workers at construction sites located at 164 West 74th Street, New York, New York 10028; 2226 Ocean Avenue, Brooklyn, New York 11229; and 1-56 Beach 146th Street, Far Rockaway, New York 11694 from approximately April 20, 2018 through July 20, 2018. (Complaint ¶ 2.)

Defendants Carlos Morales and Andy Garcia served as principals of Defendant Real Innovative Construction, LLC (collectively, the "RIC Defendants"), which operates a construction business that provides concrete and rebar workers to construction sites throughout New York City. (Complaint ¶¶ 53-55, 63.) Defendant Kieran Keaveney served as a principal of ECI Contracting, LLC (d/b/a ECI Services), which contracted the RIC Defendants to provide concrete and rebar labor to the construction site located at 167 West 74th Street, New York, New York 10028. (Complaint ¶¶ 57-58, 65, 67.) Defendant T.B.C. Group also contracted the RIC Defendants to provide concrete and rebar labor to

---

[1] The facts are based on the First Amended Complaint filed on May 17, 2019 (Dkt. 89) (the "Complaint"). In accordance with the standard for reviewing a motion to dismiss, all non-conclusory facts are derived from the Complaint and accepted as true, and all reasonable inferences are drawn in Plaintiffs' favor, as the non-moving party. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Johnson v. Priceline.com, Inc.*, 711 F.3d 271, 275 (2d Cir. 2013).

the construction site located at 167 West 74th Street, New York, New York 10028.[2] (Complaint ¶¶ 59, 71.)

The Complaint offers little detail on the role that either the ECI Defendants or Defendant T.B.C. Group played on the construction site or their interactions with Plaintiffs, if any. Instead, the Complaint alleges only that the ECI Defendants "employed plaintiffs . . . within the meaning of 'employ' under the FLSA and NYLL" because they (1) had the authority to fire Plaintiffs; (2) had and exercised the authority to set Plaintiffs' work schedule; (3) had and exercised the authority to supervise and direct Plaintiffs' work; (4) had knowledge of Plaintiffs' pay rates; (5) allowed Plaintiffs to use their premises and equipment; (6) could shift their business at the construction site from one sub-contractor to another; (7) employed Plaintiffs for a "discrete line-job" that was "integral" to their "process of production"; and (8) employed Plaintiffs "exclusively or predominantly." (Complaint ¶ 68.) The Complaint lodges identical allegations about Defendant T.B.C. Group, adding only that "[a]gents of T.B.C. Group held themselves out as agents of the ECI Defendants" at the job site. (Complaint ¶¶ 72-73.)

As noted above, the Complaint alleges that the ECI Defendants and Defendant T.B.C. Group were involved only with the construction site located at 167 West 74th Street, New York, New York 10028. (Complaint ¶¶ 65, 67, 69, 71.) Only eight of the Plaintiffs worked on that particular construction site: Kenjy Orellana, Nestor Reyes, Rene I. Ayala, Alberto Ramon Morales Pombo, Carlos M. Morocho, Luis Zaruma, Maximino

---

[2] While the Amended Complaint also listed Jacobs Development Corp. and Daniel Jakubowicz as defendants, Judge Caproni has since endorsed a stipulation of discontinuance filed by the parties that dismisses them from this action and dismisses the motions to dismiss filed by them as moot. (Dkt. 138.)

Flores, and Jhojam Armando Fierro Medina. (Complaint ¶¶ 83, 90, 98, 104, 110, 117, 124, 252.) Those Plaintiffs allege that Defendants (including the ECI Defendants and Defendant T.B.C. Group) did not pay them time and a half of their regular hourly wages for any hours that exceeded the standard 40-hour work week. (Complaint ¶¶ 89, 95, 102, 108, 115, 122, 129, 255.) Plaintiffs Orellana, Reyes, Ayala, Morocho, Zaruma, Flores, and Medina further allege that Defendants failed to pay their normal compensation for certain hours worked. (Complaint ¶¶ 84, 91, 98, 110, 118, 125, 254.)

## Procedural Background

Plaintiffs filed this action on September 14, 2018. (Dkt. 1.) The initial complaint included the RCI Defendants (though incorrectly listed Defendant Andy Garcia as "Andy Morales"), the ECI Defendants, Jacobs Development Corp., Daniel Jakubowicz, M.N.C. General Contractors Corp., and Moshe Nachum, but did not include Defendant T.B.C. Group. (*Id.*) On November 5, 2018, the Honorable Valerie E. Caproni, U.S.D.J. issued an order dismissing Defendants M.N.C. General Contractors Corp. and Moshe Nachum from the instant action without prejudice. (Dkt. 46.) Weeks later, on November 21, 2018, the RCI Defendants filed a motion to dismiss the initial complaint. (Dkt. 55, 57, 58.) On November 30, 2019, Judge Caproni issued an order staying all proceedings related to the instant litigation including briefing on the RCI Defendants' motion to dismiss and discovery pending a settlement conference. (Dkt. 59.) That same day, Judge Caproni referred this matter to the undersigned to resolve any discovery-related disputes in aid of settlement and for settlement. (Dkt. 60.)

Following a settlement conference before the undersigned, Judge Caproni issued an order calling for Plaintiffs to file an amended complaint, if any, by May 17, 2019. (Dkt.

85.) On May 17, 2019, Plaintiffs timely filed their Amended Complaint (the "Complaint"), which remains the operative pleading. (Dkt. 89.) The Complaint corrected the name of Defendant Andy Garcia (incorrectly listed as Andy Morales in the initial complaint) and added Defendant T.B.C. Group, but asserts the same causes of action under the FLSA and NYLL for unpaid overtime, unpaid wages, and failure to provide adequate wage statements as the original pleading. (*Id.*) On May 20, 2019, Judge Caproni dismissed the motions to dismiss the initial complaint as moot and ordered Defendants to respond to the Amended Complaint by June 14, 2019. (Dkt. 91.)

On June 14, 2019, Defendants Andy Garcia, Carlos Morales, and Real Innovative Construction, LLC answered the Complaint. (Dkt. 103.) On June 14, 2019 and June 28, 2019, the ECI Defendants and Defendant T.B.C. Group filed their respective motions to dismiss the Complaint. (Dkts. 100, 106.) Both motions assert the same core argument: the Complaint fails to allege facts sufficient to show that either the ECI Defendants or Defendant T.B.C. Group served as Plaintiffs' "employer" as defined by the FLSA and NYLL. (*Id.*) Plaintiffs oppose both motions, but consolidated their arguments regarding the respective Defendants into a single brief. (Dkt. 110.) On July 26, 2019, the ECI Defendants filed a reply brief in further support of their motion to dismiss, which Defendant T.B.C. Group elected to join. (Dkts. 111, 113.) On September 12, 2019, Judge Caproni amended her referral of this matter to the undersigned to include general pretrial management and a Report and Recommendation on the instant motions. (Dkt. 127.)

## Legal Standard

To survive a Rule 12(b)(6) motion, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S.

5

544, 570 (2007).  A claim is facially plausible when the factual content pleaded allows a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"  *Id.* (quoting *Twombly*, 550 U.S. at 557).

In considering a motion to dismiss for failure to state a cause of action, a district court "accepts all factual claims in the complaint as true and draws all reasonable inferences in the plaintiff's favor."  *Lotes Co. v. Hon Hai Precision Industry Co.*, 753 F.3d 395, 403 (2d Cir. 2014) (internal quotations omitted).  This tenet, however, is "inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678.  "Rather, the complaint's factual allegations must be enough to raise a right to relief above the speculative level . . . *i.e.*, enough to make the claim plausible."  *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010) (internal quotations omitted).  A complaint is properly dismissed where, as a matter of law, "the allegations in [the] complaint, however true, could not raise a claim of entitlement to relief."  *Twombly*, 550 U.S. at 558.

## Discussion

Both the ECI Defendants and Defendant T.B.C. Group assert that the Complaint fails to allege facts sufficient to demonstrate that either served as Plaintiffs' "employer" as defined by the FLSA and NYLL.[3]  For the reasons stated below, this Court agrees.

---

[3] The analysis of whether a person or entity constitutes an "employer" is identical under the FLSA and NYLL.  *See Hsieh Liang Yeh v. Han Dynasty, Inc.*, No. 18 Civ. 6018, 2019 WL 633355, *5 n.5 (S.D.N.Y. Feb. 14, 2019) ("Courts in this District regularly apply the same tests to determine whether entities are joint employers for purposes of the FLSA and NYLL."); *Xue Lian Lin v. Comprehensive Health Management, Inc.*, No. 08 Civ. 5619,

A.   **Extrinsic Evidence Introduced in Support of Plaintiffs' Opposition Papers Cannot be Considered**

As an initial matter, this Court must address what materials it may consider in evaluating the instant motions to dismiss. In support of their opposition, Plaintiffs submitted a declaration by its counsel, Thomas J. Lamadrid, which attaches two documents referenced for the first time in Plaintiffs' opposition brief: (1) excerpts from deposition testimony of Defendant Andy Garcia taken on May 16, 2019; and (2) a work permit on file with the New York City Department of Buildings for the work site located at 164 West 74th Street, New York, New York 10027 issued to Defendant Keaveney. (Dkt. 109-1, 109-2.) The ECI Defendants (later joined by Defendant T.B.C. Group) argue that the Court cannot consider these documents as they are neither referenced in the Complaint, nor are they "integral" to the Complaint. (Dkt. 111 at 2-3.) This Court agrees.

The Second Circuit has confirmed that, "[b]ecause a Rule 12(b)(6) motion challenges the complaint as presented by the plaintiff, taking no account of its basis in evidence, a court adjudicating such a motion may review only a narrow universe of materials." *Goel v. Bunge, Ltd.*, 820 F.3d 554, 558 (2d Cir. 2016). That "narrow universe" is typically limited "to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." *Allen v. WestPoint-Pepperell, Inc.*, 945 F.2d 40, 44 (2d Cir. 1991) (citing *Kramer v. Time Warner, Inc.*, 937 F.2d 767, 773 (2d Cir. 1991)).

In some cases, however, the Second Circuit has recognized that "a document not expressly incorporated by reference in the complaint is nevertheless 'integral' to the

---

2009 WL 976835, *2 (S.D.N.Y. April 9, 2009) (stating that the "same analysis" applies when evaluating alleged employer-employee relationships under the FLSA and NYLL).

complaint and, accordingly, a fair object of consideration on a motion to dismiss." *Goel*, 820 F.3d at 558.  "For a document to be integral to a complaint, a plaintiff must have known of or possessed the document and 'relied heavily upon its terms and effect' in drafting the complaint." *Gagnon v. Alkermes PLC*, 368 F. Supp. 3d 750, 763 (S.D.N.Y. 2019) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002)) (emphasis in original).  Documents typically found to be "integral" to a complaint are "contract[s] or other legal document[s] containing obligations upon which the plaintiff's complaint stands or falls, but which for some reason – usually because the document, read in its entirety, would undermine the legitimacy of the plaintiff's claim – was not attached to the complaint." *Global Network Communications, Inc. v. City of New York*, 458 F.3d 150, 157 (2d Cir. 2006).

As stated above, Plaintiffs attempt to introduce two pieces of evidence in support of their opposition to the instant motions to dismiss:  (1) excerpts from a deposition of Defendant Andy Garcia taken on May 16, 2019; and (2) a work permit on file with the New York City Department of Buildings for the work site located at 164 West 74th Street, New York, New York 10027 issued to Defendant Keaveney.  (Dkt. 109-1, 109-2.)  But neither Plaintiffs' opposition brief nor counsel's declaration references any legal authority granting this Court the authority to consider these materials at this juncture.  This failure alone provides a basis on which to deny consideration of these documents.  *See Bonilla v. City of New York*, No. 18 Civ. 12142, 2019 WL 6050757, *1 n.1 (S.D.N.Y. Nov. 15, 2019) (refusing to consider declaration submitted by plaintiff in support of his opposition to a motion to dismiss where plaintiff failed to cite "any legal authority in support of the Court's ability to consider such a declaration"); *Marolla v. Devlyn Optical LLC*, No. 18 Civ.

7395, 2019 WL 4194330, *4 n.5 (S.D.N.Y. Sept. 3, 2019) (refusing to consider affidavit submitted by plaintiff in support of his opposition to a motion to dismiss where plaintiff failed to cite any legal authority in support of its consideration and, accordingly, left the court with "no basis to consider the affidavit"); *Wachtel v. National Railroad Passenger Corp.*, No. 11 Civ. 613, 2012 WL 292352, *2 (S.D.N.Y. Jan. 30, 2012) (refusing to consider an affidavit submitted by plaintiff in support of his opposition to a motion to dismiss because "the Court cannot consider affidavits in ruling on a motion to dismiss").

Even closer examination confirms that these documents were neither incorporated into nor "integral" to the Complaint and cannot be considered in evaluating the instant motions to dismiss. First, Plaintiffs fail to point to – and this Court has not located – any portions of the Complaint that reference Defendant Garcia's deposition testimony or the work permit even though both were available to Plaintiffs in drafting the amended Complaint dated May 17, 2019. (*See* Dkt. 109-1 (excerpts from deposition testimony taken on May 16, 2019); Dkt. 109-2 (work permit issued to Defendant Keaveney on April 30, 2019)). Second, Plaintiffs failed to indicate that they relied on these documents in drafting their amended Complaint or that they contained any legal obligations upon which the amended Complaint "stands or falls." Indeed, in counsel's declaration, Plaintiffs describe the excerpts of Defendant Garcia's deposition enclosed as materials "cited in the accompanying memorandum of law," not materials relied upon in drafting the amended Complaint. (Dkt. 109.)

The Court will accordingly evaluate the sufficiency of the Complaint without considering the documents attached to counsel's declaration.

**B.     Standards for Determining Employer Status**

To be held liable under the FLSA, a person or entity must be an "employer," which the statute defines as "any person acting directly or indirectly in the interest of an employer in relation to an employee."  29 U.S.C. § 203(d).  The Supreme Court has referred to the FLSA's definition of "employer" as "expansive" (*Falk v. Brennan*, 414 U.S. 190, 195 (1973)), and the Second Circuit has held that "the remedial nature of the statute . . . warrants an expansive interpretation of its provisions so that they will have the widest possible impact in the national economy."  *Herman v. RSR Security Services Ltd.*, 1782 F.3d 132, 139 (2d Cir. 1999) (quoting *Carter v. Dutchess Community College*, 735 F.2d 8, 12 (2d Cir. 1984)); *see also Barfield v. New York City Health and Hospitals Corp.*, 537 F.3d 132, 140 (2d Cir. 2008) ("In identifying the persons or entities who qualify as 'employers' . . . statutory definitions sweep broadly").

In determining whether a defendant falls within this broad definition, "the overarching concern is whether the alleged employer possessed the power to control the workers in question, with an eye to the 'economic reality' presented by the facts of each case."  *Herman*, 1482 F.3d at 139; *see also Barfield,* 537 F.3d at 141 ("determination of whether an employer-employee relationship exists for purposes of the FLSA should be grounded in economic reality rather than technical concepts, determined by reference not to isolated factors, but rather upon the circumstances of the whole activity.")*.*  While the Second Circuit has emphasized that courts evaluating the existence of an employer-employee relationship must do so "on a case-by-case basis by review of the totality of the circumstances," its decisions on this point "have identified different sets of relevant factors based on the factual challenges posed by particular cases."  *Copantitla v. Fiskardo*

*Estiatorio, Inc.*, 488 F. Supp. 253, 308 (S.D.N.Y. 2011) (quoting *Barfield*, 537 F.3d at 141-142).

To assess the "economic reality" presented by an alleged employer-employee relationship, the Second Circuit has utilized a four-factor test aptly referred to as the "economic reality" test, which asks whether an alleged employer: "(1) had the power to hire and fire the employees; (2) supervised and controlled employee work schedules or conditions of employment; (3) determined the rate and method of payment; and (4) maintained employment records." *Carter*, 735 F.2d at 12; *see also Barfield*, 537 F.3d at 141-42 (applying "economic reality" test in affirming that defendant constituted plaintiffs' "employer" under the FLSA); *Herman*, 172 F.3d at 139 (applying "economic reality" test in affirming that defendant constituted plaintiff's "employer" under the FLSA). No one of these factors is dispositive in determining whether a person or entity is an employer under the FLSA. *Herman*, 1482 F.3d at 139*; see also Copantitla*, 788 F. Supp. 2d at 309 ("a court cannot use the *Carter* factors as an 'exclusive four-factor test' to determine whether an entity is an employer under the FLSA."). Instead, these factors are meant to assist in "determining when an entity exercises sufficient formal control over a worker to be that worker's employer under the FLSA." *Copantitla*, 788 F. Supp. 2d at 309 (quoting *Barfield*, 537 F.3d at 144.). The "economic reality" test is particularly useful in cases involving claims of joint employment because "when an entity exercises those four prerogatives, that entity, in addition to any primary employer, must be considered a joint employer" under the FLSA. *Zheng v. Liberty Apparel Co.*, 355 F.3d 61, 67 (2d Cir. 2003) (internal quotations and citations omitted).

11

In further recognition of the FLSA's breadth, the Second Circuit has found that district courts must "look beyond an entity's formal right to control the physical performance of another's work before declaring that the entity is not an employer under the FLSA." *Zheng*, 355 F.3d at 69.  Accordingly, in *Zheng*, the court set forth an additional six-factor test to evaluate whether "an entity has functional control over workers even in the absence of the formal control measured" by the "economic reality" test.  355 F.3d at 72.  Such factors include:

> (1) whether [the alleged employer's] premises and equipment were used for the plaintiffs' work; (2) whether [plaintiffs' employer] had a business that could or did shift as a unit from one putative joint employer to another; (3) the extent to which plaintiffs performed a discrete line-job that was integral to [the alleged employer's] process of production; (4) whether responsibility under the contracts could pass from one subcontractor to another without material changes; (5) the degree to which [the alleged employer] or [its] agents supervised plaintiffs' work; and (6) whether plaintiffs worked exclusively or predominately for [the alleged employer].

*Id.*

Neither factor-based examination states a "rigid rule for the identification of an FLSA employer." *Barfield*, 537 F.3d at 143.  Rather, they provide "'a nonexclusive and overlapping set of factors' to ensure that the economic realities test mandated by the Supreme Court is sufficiently comprehensive and flexible to give proper effect to the broad language of the FLSA." *Id.* (quoting *Zheng*, 355 F.3d at 75-76).  District courts are thus "free to consider any other factors [they] deem[ ] relevant to [an] assessment of the economic realities" of an alleged employer-employee relationship.  *Zheng*, 355 F.3d at 71-72.

"Mere conclusory assertions," however, are insufficient to adequately plead that an alleged employer exerted formal or functional control over plaintiffs.  *See Xue Lian Lin v. Comprehensive Health Mgmt.*, No. 08 Civ. 6519, 2009 WL 976835, *2 (S.D.N.Y. April

9, 2009) (granting motion to dismiss where plaintiffs alleged only that defendants "employed Plaintiffs" and "employed Plaintiffs within the meaning of the FLSA"); *Chui-Fan Kwan v. Sahara Dreams Co. II Inc.*, No. 17 Civ. 4058, 2018 WL 6655607, *2 (S.D.N.Y. Dec. 19, 2018) (granting motion to dismiss where plaintiffs failed to plead any non-conclusory factual allegations supporting a finding of formal or functional control). Indeed, "Courts in this circuit have held that mere boilerplate allegations that an individual meets the various prongs of the economic reality test are insufficient to survive a motion to dismiss." *Bravo v. Established Burger One, LLC*, No. 12 Civ. 9044, 2013 WL 5549495, *7 (S.D.N.Y. Oct. 8, 2013) (quoting *Diaz v. Consortium for Worker Education, Inc.*, No. 10 Civ. 1848, 2010 WL 3910280, *4 (S.D.N.Y. Sept. 28, 2010)) (collecting cases).

With this guidance in mind, the Court will address whether the Complaint sufficiently alleges that the ECI Defendants or T.B.C. Group are Plaintiffs' employers under the FLSA.

### C.    The Complaint Fails to Allege Sufficient Facts to Demonstrate that the ECI Defendants or T.B.C. Group Were Plaintiffs' Employers

Plaintiffs fail to allege any specific facts in support of their contention that the ECI Defendants and T.B.C. Group were Plaintiffs' "employers" under the FLSA. Instead, the relevant allegations are confined to single paragraphs making several high-level, conclusory statements that the ECI Defendants and T.B.C. Group satisfy the *Carter* and *Zheng* factors outlined above. For example, the allegations supporting Plaintiffs' contention that the "ECI Defendants employed plaintiffs at the 74th Street Site within the meaning of 'employ' under the FLSA" are as follows:

> [T]he ECI Defendants had the authority to fire plaintiffs from their work at the 74th Street Site; the ECI Defendants had and exercised the authority to set plaintiffs work schedule at the 74th Street Site; the ECI Defendants had the authority and

13

>exercised the authority to supervise and direct plaintiffs' work at the 74th Street Site; the ECI Defendants had knowledge of plaintiffs pay rates at the 74th Street Site; plaintiffs used the ECI Defendants premises and equipment for their work at the 74th Street Site; the ECI Defendants' business at the 74th Street Site could shift from one sub-contractor to another; plaintiffs work at the 74th Street Site was a discrete line-job that was integral to the ECI Defendants' process of production at the 74th Street Site; and plaintiffs worked exclusively or predominantly for the ECI Defendants and others at the 74th Street Site.

(Complaint ¶ 68.) The Complaint lodges a nearly identical set of allegations in support of its contention that T.B.C. Group employed Plaintiffs pursuant to the FLSA, adding only that "[a]gents of T.B.C. Group Ltd. held themselves out as agents of the ECI Defendants at the 74th Street Site." (*See* Complaint ¶¶ 72-73.) But nowhere in the Complaint do Plaintiffs attempt to support these allegations with specific examples of either the ECI Defendants or Defendant T.B.C. Group exercising the extensive authority they purportedly had.

Courts in this District have routinely dismissed complaints that do nothing but recite the *Carter* and *Zheng* factors and claim that an alleged employer satisfies them without offering further detail. *See Serrano v. I. Hardware Distributors, Inc.*, No. 14 Civ. 2488, 2015 WL 4528170, *4 (S.D.N.Y. July 27, 2015) (dismissing complaint where plaintiffs "conclusorily allege[d]" that purported employers "had the power to (i) fire and hire, (ii) determine the rate and method of pay; and (iii) otherwise affect the quality of employment," finding that these "boilerplate allegations . . . fail[ed] to raise Plaintiffs' right to relief 'above a speculative level.'") (internal citations omitted); *Apolinar v. R.J. 49 REST., LLC*, No. 15 Civ. 8655, 2016 WL 2903278, *5 (S.D.N.Y. May 18, 2016) (dismissing complaint where plaintiffs solely pled "the presence of the factors relevant to whether an individual is a joint employer" as such was insufficient to show that movant was plaintiffs' "employer" under the FLSA); *Diaz*, 2010 WL 3910280 at *4 (concluding that

14

a complaint containing only "a formulaic recitation of the elements of a cause of action" was "insufficient to raise plaintiffs' right to relief above a speculative level with respect to that individual's liability as an employer under the FLSA"). In light of the conclusory, boilerplate allegations lodged in the Complaint, dismissal is equally warranted here.

## Conclusion

For the foregoing reasons, I recommend that both ECI Defendants' and Defendant T.B.C. Group's Motions to Dismiss be GRANTED. The parties' remaining arguments, to the extent not addressed herein, have been considered by the Court and found to be without merit. Pursuant to 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and 6(d) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of the Court, with extra copies delivered to the Chambers of the Honorable Valerie E. Caproni, United States Courthouse, 40 Foley Square, New York, New York 10007, and to the Chambers of the undersigned, 500 Pearl Street, New York, New York 10007. **Failure to file timely objections will result in a waiver of objections and will preclude appellate review.**

Respectfully Submitted,

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated:   February 6, 2020
         New York, New York

Copies transmitted this date to all counsel of record.