USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/3/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

KENJY ORELLANA; NESTOR REYES; RENE I. AYALA; ALBERTO RAMON MORALES POMBO; CARLOS M. MOROCHO; LUIS ZARUMA; MAXIMINO FLORES; JOHN DANILO BARAHONA; EDISON CRISTOBAL TRIANA PICON; OSWALDO BRAVO; JORGE VARGAS; ANGEL REYES; JAIRALI CALLE; EDGAR PILAGUICIN; JUAN AMANTA; SEGUNDO PINTO; SEGUNDO FRANCISCO LASLUISA; JOSE ALBERTO LASLUISA; DAVID PAREJA; LUIS ENRIQUE CASTILLO RODRIGUEZ; JEFFRY OSMAN BRIZZO CACERES; JUNIOR ODAIR MEDRANO; EUFEMIO DIAZ MONTENEGRO; JUAN ANTONIO RODRIGUEZ DURAN; AUVER HOYOS ALTAMIRANO; OLIVERIO ANTONIO AYALA; ESDRAS NEHEMIAS GUTIERREZ CERRATO; VICTOR MANUEL PALACIOS GONZALEZ; SAUL REYES; ADRIAN CRESCENCIO; MARCOS MERCADO; EDWIN ORLANDO PEREZ VELARDE; and JOSE CARLOS LUNA BAUTSTA;

                        Plaintiffs,

-against-

REAL INNOVATIVE CONSTRUCTION, LLC; ANDY MORALES; CARLOS MORALES; ECI CONTRACTING, LLC d/b/a ECI SERVICES; KIERAN KEAVENEY; JACOBS DEVELOPMENT CORP.; DANIEL JAKUBOWICZ; and T.B.C. GROUP LTD.,

                        Defendants.

------------------------------------------------------------X

18-CV-8396 (VEC)

ORDER

VALERIE CAPRONI, United States District Judge:

       WHEREAS on March 2, 2020, (Dkt. 143), Plaintiffs and Defendants ECI Contracting, LLC, Kieran Keaveney, and T.B.C. Group, Ltd. (together, "Settling Defendants," and with

Plaintiffs, "Settling Parties") filed a letter stating that they reached an agreement in principle to settle Plaintiffs' claims against them; and

WHEREAS this case involves claims brought under the Fair Labor Standards Act ("FLSA");

IT IS HEREBY ORDERED THAT the Settling Parties may not dismiss the claims against the Settling Defendants with prejudice unless the settlement agreement has been approved by either the Court or the Department of Labor (DOL).  *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015).  Accordingly, to the extent the Settling Parties wish to dismiss the claims with prejudice, they must either file a joint letter motion requesting that the Court approve the settlement agreement or, alternatively, provide documentation of the approval by DOL.  Any letter motion, along with the settlement agreement, must be filed on the public docket by **April 2, 2020**.  The letter motion must explain why the proposed settlement is fair and reasonable and should discuss, at a minimum, the following factors:

> (1) the plaintiff's range of possible recovery; (2) the extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses"; (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion.

*Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (quoting *Medley v. Am. Cancer Soc.*, No. 10-CV-3214(BSJ), 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)).  The letter must also address whether there is a *bona fide* dispute as to the number of hours worked or the amount of compensation due and how much of the proposed settlement Plaintiffs' counsel shall be seeking as fees.  *See Cheeks*, 796 F.3d at 206.  Absent special circumstances, the Court will not approve any settlement agreement that is filed under seal or in redacted form.  *See id*.

The Second Circuit has left open for future decision whether an FLSA case may be settled without Court or DOL approval and dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A). *See id.* at 201 n.2 ("[W]e leave for another day the question of whether parties may settle [FLSA] cases without court approval . . . by entering into a Rule 41(a)(1)(A) stipulation without prejudice."). If the Settling Parties wish to proceed without Court or DOL approval, they must submit a stipulation pursuant to Federal Rule of Civil Procedure 41(a)(1)(A). Any such stipulation must be filed on the public docket within 30 days and must be accompanied by an affirmation from Plaintiffs' counsel (1) stating that the Plaintiffs have been clearly advised that the settlement of this case does not preclude them from filing another lawsuit against the same Settling Defendants and (2) affirming that the settlement agreement does not contain a release of the Settling Defendants. *See, e.g.*, *Elfenbein v. Gulf & W. Indus., Inc.*, 590 F.2d 445, 449 (2d Cir. 1978) (*per curiam*) ("[A] dismissal without prejudice permits a new action (assuming the statute of limitations has not run) without regard to Res judicata principles." (quoting *Rinieri v. News Syndicate Co.*, 395 F.2d 818, 821 (2d Cir. 1967)). The Settling Parties are warned that this option runs the risk that claims against the Settling Defendants may be reopened in the future.

In the alternative, the parties may consent to conducting all further proceedings before this case's assigned Magistrate Judge by completing the attached consent form by **March 18, 2018**, which permits the Magistrate Judge to enter a final disposition as to the parties (*all* Plaintiffs and Defendants must consent, not just the Settling Parties). As the form indicates, no adverse substantive consequences will arise if the parties choose not to proceed before the Magistrate Judge.

If the Settling Parties submit a joint letter motion and settlement agreement to the Court for approval on or before **April 2, 2020**, the Court will then inform the Settling Parties whether it

is necessary for them to appear for a fairness hearing. If no consent form, letter or stipulation is filed by **April 2, 2018**, a conference shall be held on **April 17, 2020, at 10:00 a.m.** in Courtroom 443 of the Thurgood Marshall U.S. Courthouse, 40 Foley Square, New York, New York 10007.

IT IF FURTHER ORDERED that the Settling Defendants' motions to dismiss (Dkts. 100 & 106) and Plaintiffs' motion for leave to amend (Dkt. 141) are DENIED as moot without prejudice. In the event the settlement is not executed and approved, Plaintiffs may renew their motion for leave to amend and Defendants may respond to that motion in accordance with the Order dated February 27, 2020 (Dkt. 142).

The Clerk of Court is respectfully directed to close the open motions on Dkts. 100, 106, and 141.

**SO ORDERED.**

**Date: March 3, 2020**
**New York, NY**

_____
**VALERIE CAPRONI**
**United States District Judge**

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

|  |  |
|---|---|
| _____ ) | |
| *Plaintiff* ) | |
| v. ) | Civil Action No. |
| _____ ) | |
| *Defendant* ) | |

**NOTICE, CONSENT, AND REFERENCE OF A CIVIL ACTION TO A MAGISTRATE JUDGE**

*Notice of a magistrate judge's availability.* A United States magistrate judge of this court is available to conduct all proceedings in this civil action (including a jury or nonjury trial) and to order the entry of a final judgment. The judgment may then be appealed directly to the United States court of appeals like any other judgment of this court. A magistrate judge may exercise this authority only if all parties voluntarily consent.

You may consent to have your case referred to a magistrate judge, or you may withhold your consent without adverse substantive consequences. The name of any party withholding consent will not be revealed to any judge who may otherwise be involved with your case.

*Consent to a magistrate judge's authority.* The following parties consent to have a United States magistrate judge conduct all proceedings in this case including trial, the entry of final judgment, and all post-trial proceedings.

| *Parties' printed names* | *Signatures of parties or attorneys* | *Dates* |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

**Reference Order**

**IT IS ORDERED:** This case is referred to a United States magistrate judge to conduct all proceedings and order the entry of a final judgment in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.

Date: _____                            _____
                                                                                          *District Judge's signature*

                                                                                           _____
                                                                                           *Printed name and title*

Note:   Return this form to the clerk of court only if you are consenting to the exercise of jurisdiction by a United States magistrate judge. Do not return this form to a judge.