UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

KENJY ORELLANA et al, : 18-CV-8396 (VEC) (RWL)
:
        Plaintiffs, : **ORDER**
  - against - :
:
REAL INNOVATIVE CONSTRUCTION, LLC. :
et al., :
:
        Defendants. :
------------------------------------------------------------X

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/7/2022
```

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

    The Court directs that the Clerk of Court seek pro bono counsel for Defendant Carlos Morales in the above-captioned action. Counsel will file a Notice of Appearance as Pro Bono Counsel.

**LEGAL STANDARD**

    The *in forma pauperis* statute provides that the courts "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). In civil cases, unlike in criminal cases, there is no requirement that courts supply indigent litigants with counsel. *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). Instead, the courts have "broad discretion" when deciding whether to seek *pro bono* representation for a civil litigant. *Id.* Even if a court does believe that a litigant should have a free lawyer, under the *in forma pauperis* statute, a court has no authority to "appoint" counsel, but instead, may only "request" that an attorney volunteer to represent a litigant. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301–310 (1989). Moreover, courts do not have funds to pay counsel in civil matters. Courts must therefore request the services of *pro bono* counsel sparingly, and with reference to public benefit, in order to preserve the

"precious commodity" of volunteer-lawyer time for those litigants whose causes are truly deserving.  *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172-73 (2d Cir. 1989).

In *Hodge*, the Second Circuit Court of Appeals set forth the factors a court should consider in deciding whether to grant a litigant's request for *pro bono* counsel.  802 F.2d at 61-62.  Of course, the litigant must first demonstrate that he or she is indigent, for example, by successfully applying for leave to proceed *in forma pauperis*.  The court must then consider whether the litigant's claim "seems likely to be of substance" – "a requirement that must be taken seriously." *Id.* at 60–61.  If these threshold requirements are met, the court must next consider such factors as:

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues[,] and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Id.*  In considering these factors, district courts should neither apply bright-line rules nor automatically deny the request for counsel until the application has survived a dispositive motion.  *See Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997).  Rather, each application must be decided on its own facts.  *See Hodge*, 802 F.2d at 61.

**DISCUSSION**

On March 14, 2022, the Court ordered that by March 28, 2022, Defendant Carlos Morales shall file a letter stating whether he would like the Court to try to find and appoint pro bono counsel (meaning at no cost) to represent Mr. Morales.  (Dkt. 245.)  Mr. Morales had not filed any letter by April 5, 2022.  The Court nonetheless extended the time for Mr. Morales to request pro bono counsel until April 19, 2022.  (Dkt. 247.)  On June 6, 2022, the Plaintiffs and Defendant Morales submitted a joint status letter requesting the Court to assist in securing pro bono counsel for Mr. Morales.  (Dkt. 250.)  Plaintiffs consent to

this request. Mr. Morales has been engaged in bankruptcy proceedings since 2019 (Dkt. 115) and has represented that he is unable to secure counsel because he is unable to afford an attorney. Fact discovery with regards to the case against Mr. Morales ended on May 16, 2022, and the case is not to be tried before a jury.

Given the late stage of the proceedings, the Court will request that counsel appear for the purpose of completing the litigation and assisting Defendant Morales with Plaintiffs' anticipated summary judgment motion. In addition, pro bono counsel may engage in settlement discussions.

Under the Court's Standing Order regarding the Creation and Administration of the Pro Bono Fund (16-MC-0078), pro bono counsel may apply to the Court for reimbursement of certain out-of-pocket expenses spent in furtherance of Plaintiff's case. The Pro Bono Fund is especially intended for attorneys for whom pro bono service is a financial hardship. *See* http://www.nysd.circ2.dcn/docs/prose/pro_bono_fund_order.pdf.

Upon the filing by pro bono counsel of a Notice of Completion, the representation by pro bono counsel of Mr. Morales in this matter will terminate, and pro bono counsel will have no further obligations or responsibilities to Mr. Morales or to the Court in this matter.

**CONCLUSION**

For the foregoing reasons, the Clerk of Court is directed to attempt to locate pro bono counsel to represent Mr. Morales for the purposes described above. The Court advises Mr. Morales that there are no funds to retain counsel in civil cases and the Court relies on volunteers. Due to a scarcity of volunteer attorneys, a lengthy period of time may pass before counsel volunteers to represent Mr. Morales. If an attorney volunteers, the attorney will contact Mr. Morales directly. There is no guarantee, however, that a

volunteer attorney will decide to take the case, and Mr. Morales should be prepared to proceed with the case without an attorney at such time that the Court directs.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. See *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: New York, New York
June 7, 2022

Carlos Morales
2200 Powell Avenue, Apartment D53
Bronx, NY 10462